PER CURIAM.
Appellees have filed in this cause a motion to dismiss this appeal on the stated ground, among others, that the notice of appeal filed in the cause fails to state the name and designation of the appealing party or parties as required by the rules of appellate procedure.
The rule in question provides in pertinent part as follows:
“The notice of appeal shall state * * the name and designation of the appealing party, whether plaintiff or defendant ; * * [1]
The notice of appeal filed herein recites in pertinent part as follows:
“THE DEFENDANTS, affected by the below described Order, and represented by the undersigned attorneys, do hereby take and enter thpir Appeal to the District Court of Appeals in and for the First District of Florida from that certain Order or Judgment of Contempt entered in the above styled Court the 3rd day of October, 1963 and filed in Official Record Book 106 page 85 on the 3rd day of October, 1963; and all parties hereto are called upon to take notice hereof.”
It is readily apparent that the foregoing notice fails to name the appealing parties as required by the rule quoted above.
In oral argument before the bar of this Court on appellees’ motion to dismiss the appeal, it was represented without dispute that the contempt proceedings out of which the judgment appealed arose involved some one hundred fifty individuals, approximately thirty-seven of whom were ordered to pay a fine or be imprisoned in the county jail for a specified period of time. No briefs or record on appeal have yet been filed in this Court, and our knowledge of the case pending for review, other than the oral representations of counsel, is limited to an examination of the notice of appeal together with appellees’ motion to dismiss. The question presented for our decision is whether there has been such a serious violation of the rules of procedure as to warrant a dismissal of the appeal.
The notice of appeal filed in a pending cause is the document which confers upon the appellate court jurisdiction to proceed with a review of the judgment, order, or decree assaulted. By filing such a notice of appeal, the appealing party submits himself to the jurisdiction of the appellate *171 court, thereby binding himself to abide by and comply with all lawful orders and judgments rendered by the appellate court in its consideration of the appeal. It is for this reason that the rule of procedure quoted above wisely provides that the name and designation of the party appealing shall be stated in the notice of appeal, because it is only through the medium of such notice that the appellate court can determine with certainty the identity of the party over whom it has gained jurisdiction, and to whom the court shall look for compliance with its lawful orders and judgments. If the not'ice of appeal fails to state the name and designation of the appealing party or parties, there is no way in which the appellate court can determine those parties over whom it has jurisdiction.
The notice of appeal in this case purports to have been filed on behalf of all defendants affected by the order appealed. It cannot be seriotisly questioned but that each of the one hundred fifty parties defendant to the contempt proceedings was affected in one way or another by the judgment sought to be reviewed.
On oral argument counsel for appellants conceded that sentence was deferred with respect to the majority of those adjudged guilty of contempt and that this appeal was not prosecuted at the instance of all of the contemners. It is a matter of conj ecture and speculation, therefore, as to the identity of the parties appellant. At the oral argument before this Court it was conceded by counsel that some of the contemners paid the fines imposed as provided by the judgment of contempt. It therefore becomes a matter of uncertainty as to whether by having paid the fines, the appeal as to those particular defendants is moot.
It appears to this Court that it is little enough to require of an appellant that he or she state in the notice of appeal filed in the cause his or her name and designation as provided by the rule. Such a requirement is entirely reasonable and can be easily complied with. To require less, or to approve the form of notice of appeal filed in this cause, could do much mischief and impose undue hardship on parties affected by a judgment or decree who are satisfied with or willing to comply with its terms and provisions and do not want to be subjected to the consequences of an appeal in which they are involuntarily made parties appellant by reference and implication. Furthermore, the appellate court should not be required to speculate as to the identity of the appealing parties over which it may exercise its jurisdiction and authority in disposing of the appeal.
It is our view and we so hold that the notice of appeal filed herein is insufficient and in violation of that provision of the appellate rules which requires the notice to state the name and designation of the appealing parties. The motion to dismiss the appeal is accordingly granted.
STURGIS, C. J., and WIGGINTON and CARROLL, DONALD K., JT., concur.

. Rule 3.2c, F.A.R., 31 F.S.A.