PER CURIAM.
Appellee, State of Florida, moves to dis-aniss this appeal upon the grounds that the following form of notice of appeal filed by appellant in his own proper person is insufficient:
“Clerk of Criminal Court in and for Duval County, State of Florida.
- Respondent -
Walter Frank Knowles P.O.Box 221 — R.D.C.C. Unit #4 Raiford, Florida - Petitioner -
NOTICE OF APPEAL
Comes now Walter Frank Knowles defendant, in proper person. Serves notice upon this Honorable Court, that he desires and seeks to be granted a new trial.
Said defendant was represented in court by counsel, said Honorable T. Edward Austin, Jr., Public Defender in and for Duval County, State of Florida. Trial date, December 10-11,1963.
Said defendant was to understand that appeal had been entered, but defendant has in no way been so notified.
Respectfully submitted JsJ Walter Frank Knowles”
and submits that it is not sufficient to vest jurisdiction in this Court.
Appellate jurisdiction of the subject matter and of the parties is acquired by the filing of a notice of appeal in the form and within the time required.[1] The instant notice of appeal is deficient in that it does not contain the essential elements ■required by the Florida Appellate Rules,[2] and unlike the situation which existed in the Seaboard Airline Railroad Company v. Holt,[3] the contents do not constitute a substantial compliance with the applicable rule. The appellate courts of this state have consistently held that unless a notice of appeal is filed in the manner prescribed, jurisdiction is not vested in the appellate court.[4] The timely and proper filing of a notice of appeal is a jurisdictional essential to enable an appellate court to exercise its power. Since the instant notice does not constitute a proper filing, the State’s motion is granted and the cause is dismissed.
■ CARROLL, DONALD K., Acting C. J., and WIGGINTON and RAWLS, JJ., concur.

. 2 Fla.Jur., Appeals, § 28, p. 355.

.Rule 3.2, subd. e, 81 F.S.A. provides: “The notice of appeal shall state the title of the court, and the style of the cause from which the appeal is taken and the -title of the court to which the appeal is taken; the name and designation of the appealing party, whether plaintiff or defendant; the name and designation of -the opposing party, whether plaintiff or defendant; the nature and date of rendition of the order, judgment or decree appealed from; and the date and book and page of the public record in which it is recorded.”

. Seaboard Airline Railroad Company v. Holt, 80 So.2d 354 (Fla.1955).

. See: L'Engle v. Holmes, 44 Fla. 161, 33 So. 247 (1902); Counne v. Saffa, 87 So.2d 586 (Fla.1956); State v. Carroll, 102 So.2d 129 (Fla.1958) and Due v. Tallahassee Theatres, Inc., 160 So.2d 169 (Fla.App.1st, 1964).