187 So.2d 890 (1966)
STATE of Florida ex rel. Earl FAIRCLOTH, Attorney General, Relator,
v.
The DISTRICT COURT OF APPEAL, THIRD DISTRICT, etc., Respondents.
No. 35263.
Supreme Court of Florida.
June 15, 1966.
*891 Earl Faircloth, Atty. Gen., and Barry N. Semet, Asst. Atty. Gen., for relator.
Richard G. Taylor, Miami, for respondents.
DREW, Justice.
Arsenio Garcia was adjudged guilty of breaking and entering a dwelling and sentenced to two years in the State Prison on December 23, 1964. On December 28, 1964 Garcia filed a notice of appeal from said judgment and sentence and, on the same day, filed a motion for new trial. Thereafter, Garcia filed his assignment of errors and directions to the Clerk but took no further action until the State moved to dismiss it because of failure to prosecute. This motion of the State was granted and the appeal was dismissed on June 15, 1965. Subsequent to the dismissal of the appeal (on September 30, 1965) an order was entered by the trial judge denying the motion for new trial, whereupon on November 15, 1965 Garcia, for the second time, filed his notice of appeal from the sentence and judgment. Such notice of appeal was filed within 90 days from the date of the order denying the motion for new trial but nearly a year after the entry of the sentence and judgment.
The State then moved the District Court to dismiss the second appeal because of lack of jurisdiction to entertain it. Upon the denial of this motion by the Court, we entered a Rule Nisi in Prohibition and the matter now recurs upon the returns to such writ.
It is the position of the State that the filing of the notice of appeal was an abandonment of the motion for new trial and vested exclusive jurisdiction in the appellate court of the whole cause and that the order of the trial judge of September 30th denying a new trial was a nullity. The State succinctly puts the proposition as follows:
"If a motion for new trial and notice of appeal are filed on the same day by the same party, said notice being filed prior to the trial court's ruling on the motion for new trial, does the filing of said notice constitute an abandonment of the motion and vest jurisdiction in the appellate court?"
There can be no doubt that the filing of a notice of appeal in the manner and within the time prescribed by the statutes and rules of this Court vests in the appellate court complete and exclusive jurisdiction of the subject matter and of the parties to the appeal.[1] This Court in a number of cases has held that a notice of appeal filed after a motion for new trial or petition for rehearing had been filed amounted to an abandonment of the latter. We can draw no distinction because in this case the motion *892 for new trial and the notice of appeal were filed on the same date. They are completely inconsistent remedies and to recognize any rule other than the filing of the notice of appeal amounted to an abandonment of the motion for new trial when both were filed by the same litigant would result in utter chaos in the appellate processes. In Allen v. Town of Largo[2] this Court said:
"* * * instead of pressing for a ruling on the petition for rehearing the appellants filed a notice of appeal to this court, and this, we hold, amounted to an abandonment of the petition."
In State v. Florida State Turnpike Authority[3] we once again enunciated the rule that the taking of an appeal amounted to an abandonment of a petition for rehearing and once again announced that the filing of the notice of appeal transferred complete jurisdiction to this Court.
The record here reveals that not only was the notice of appeal filed on the same day as the motion for new trial but that prior to the invalid order of the trial court in denying the new trial, Garcia had filed his assignment of errors and directions to the Clerk and was, at least up to a point, actively prosecuting his appeal. This situation was dealt with by the District Court, Second District, in Perez v. City of Tampa[4] wherein it was held:
"* * * an appellant who files a notice of appeal before the entry of an order denying his motion for new trial is deemed to have waived or abandoned his own motion and thereby vested jurisdiction in the appellate court."
The second notice of appeal taken more than ninety days after the time of the sentence and judgment of the trial court was not timely taken and, therefore, the respondents are without jurisdiction in this cause. The Rule Nisi heretofore issued is made absolute and the respondents are prohibited from proceeding further in this cause.
THORNAL, C.J., and O'CONNELL, CALDWELL and ERVIN, JJ., concur.
NOTES
[1] Rule 3.2, subd. d, Florida Appellate Rules 1965 Revision, 31 F.S.A.; Knowles v. State, Fla. App. 1964, 165 So.2d 201.
[2] Fla. 1949, 39 So.2d 549.
[3] Fla. 1961, 134 So.2d 12.
[4] Fla.App. 1966, 181 So.2d 571.