197 So.2d 505 (1967)
Benjamin Rivers HARRELL, Petitioner,
v.
The STATE of Florida, Respondent.
No. 35790.
Supreme Court of Florida.
April 5, 1967.
*506 Engel & Pollack, Miami, for petitioner.
Earl Faircloth, Atty. Gen., and Barry N. Semet, Asst. Atty. Gen., for respondent.
DREW, Justice.
Petition for certiorari in this cause controverts an order of the district court dismissing an appeal from a judgment of conviction upon motion by the state showing appellant had pursued a motion for new trial after filing notice of appeal. Jurisdiction of this Court is based upon conflict with State ex rel. Faircloth v. The District Court of Appeal, Fla. 1966, 187 So.2d 890.
We conclude upon review of the cited opinion and related decisions[1] that the appellate court erred in granting appellee's motion on the stated ground. The controlling principles are concisely stated in the Faircloth opinion, supra, in recognition that "the filing of a notice of appeal * * vests in the appellate court complete and exclusive jurisdiction * * *;" that the appellant in this situation clearly waives his other post trial remedies; and failure to apply this rule to the pursuit of such inconsistent remedies "when both were filed by the same litigant would result in utter chaos in the appellate processes."[2]
The decision in State ex rel. Owens v. Pearson[3] is based upon the qualification inherent in the above statement that the timely post trial motion of another litigant may operate to render appellant's notice premature, the doctrine of waiver being clearly inapplicable against the other party.
The order of the appellate court is therefore quashed and the cause remanded for further proceedings in accordance herewith.
THOMAS, ROBERTS and O'CONNELL, JJ., concur.
THORNAL, C.J., dissents on jurisdiction. Would concur on merits.
NOTES
[1] Bannister v. State, Fla.App.2d Dist. 1962, 144 So.2d 853. Cf. Padgett v. State, Fla. App.1st Dist. 1967, 197 So.2d 864, in apparent conflict with Bannister and with the decision of this Court in the case sub judice.
[2] Under Rule 3.13 F.A.R., 31 F.S.A. appeals, once taken, may be dismissed only by action taken in the appellate court and then only under conditions and in the manner prescribed by the rule.
[3] Fla. 1963, 156 So.2d 4.