CHARLES CARROLL, Judge.
On this appeal by the defendant below from conviction of the crimes of breaking and entering a building with intent to commit a felony (grand larceny) and grand larceny, appellant challenges the sufficiency of the evidence. The case was tried before the court without a jury. The defendant did not file a motion for new trial.
In State v. Wright, Fla.1969, 224 So.2d 300, the Supreme Court held that in a criminal case the filing of a motion for new trial based on an alleged insufficiency of the evidence is a “prerequisite to any questioning of the sufficiency of the evidence upon appeal,” stating as the only exception a case in which a criminal defendant is sentenced to death.
*508 State v. Wright, supra, was a review by the Supreme Court, upon petition for cer-tiorari filed by the state, of the decision in that case by the second district court of appeal (216 So.2d 229), in which the district court had held that the filing of a motion for new trial was not an indispensable prerequisite to review on appeal of the sufficiency of the evidence in a criminal case, where insufficiency of the evidence is assigned as error. Granting the petition of the state for certiorari, the Supreme Court expunged that holding from the district court’s decision. After pointing out that the district court holding on that point in the Wright case was in conflict with a number of earlier decisions, which the Supreme Court cited, the Court said:
“The Judges of the District Court were not unaware of the fact that their interpretation of Rule 6.16, subd. b as announced in Wright was in conflict with numerous other Florida cases. They enunciated their decision only after a detailed analysis of cases which the Attorney General presented to them in opposition to their ruling.
“After hearing oral argument and carefully considering the briefs, we are of the opinion that the interpretation of Rule 6.-16, subd. b advanced by the District Court is in error. The Attorney General is correct in his assertion that the rule continues to require the filing of a motion for new trial based on an alleged insufficiency of the evidence as a prerequisite to any questioning of the sufficiency of the evidence on appeal. The only exception provided for in the Rule is, of course, a case in which a criminal defendant is sentenced to death.”
It was argued on behalf of the appellant here that the foregoing rule, as recently confirmed by the Supreme Court in State v. Wright, supra, should be limited to cases tried before a jury, and is not applicable to a trial before the court. In support of that argument it was contended that the filing of a motion for new trial based on an alleged insufficiency of the evidence should not be a prerequisite to questioning the sufficiency of the evidence on appeal because by rendering a judgment against a defendant in a non-jury trial the court necessarily will have passed on the sufficiency of the evidence, and particularly where, as in this case, the judgment was preceded by a motion of the defendant for a directed verdict of acquittal. In our view the rule as pronounced by the Supreme Court in Wright is applicable whether the trial is one before a jury (which it was in that case) or before the court without a jury. The same argument could be made in a jury trial case that the rule as to motion for new trial should not be applied where a motion for directed verdict, on the ground that the evidence was insufficient, has been made and denied by the court prior to verdict. The purpose of the rule involved would appear to be the same in both instances, that is, to afford the trial judge an opportunity on motion for new trial to consider the contention of insufficiency of the evidence at that stage of the case. Accordingly, State v. Wright, supra, is authority for affirmance of the judgment in this case.
However, as a measure of precaution in the event the rule announced in State v. Wright, supra, should be held to be inapplicable in a non-jury criminal trial, we have considered the contention of insufficiency of the evidence in this case and find the contention to be without merit.
Affirmed.