AMENDED OPINION ON PETITIONS FOR REHEARING GRANTED
OWEN, Judge.
We had filed an opinion in this case on March 29, 1972, in which we announced, on the authority of State ex rel. Owens v. Pearson, Fla.1963, 156 So.2d 4, that we lacked appellate jurisdiction because the efficacy of the notice of appeal which appellant filed pro se on July 28, 1971, was totally destroyed by appellant’s court-appointed counsel subsequently filing a timely motion for new trial. Nonetheless, we reasoned that the indigent appellant would be entitled to delayed appellate review on the authority of Baggett v. Wainwright, Fla.1969, 229 So.2d 239 and since we had the record and briefs before us at the time, we would exercise our prerogative and treat the pending appeal as an original petition for writ of habeas corpus in order to afford such appellate review as we did in Collins v. State, Fla.App.1970, 230 So.2d 711. We then looked to the merits and concluded that error had not been demonstrated and that the judgment being reviewed should be affirmed and the petition for writ of habeas corpus denied.
Both appellant and the state filed timely petitions for rehearing as to that portion of our opinion in which we concluded that we lacked appellate jurisdiction. We are glad they did, as we are satisfied upon reconsideration that we misapplied State ex rel. Owens v. Pearson, supra, and that our conclusion of lack of appellate jurisdiction was erroneous. It is for this reason that we have granted the petitions for rehearing and ordered that our opinion filed March 29, 1972, be withdrawn.
Harrell v. State, Fla.1967, 197 So.2d 505, which governs this case, makes it clear that the principles announced in State ex rel. Owens v. Pearson, supra, apply when a timely filed motion for new trial is filed by a party other than the party who has filed notice of appeal. We not only had failed to appreciate this distinction in read *376 ing the Owens case, but also had failed to read the Harrell case which would have made this distinction clear.
Since the notice of appeal was filed before the motion for new trial was filed, the motion although timely was a nullity because the appellant’s filing of notice of appeal waived his right to file the motion for new trial. Harrell v. State, supra; State ex rel. Faircloth v. District Court of Appeal, Fla.1966, 187 So.2d 890. The disastrous effect which this has upon appellant readily can be seen. The sole question he presents on appeal is the sufficiency of the evidence to sustain the conviction ; yet, under the present state of the decisional law of this jurisdiction, the timely filing of a motion for new trial and the court’s denial thereof is an absolute prerequisite to any appellate consideration of the sufficiency of the evidence to sustain the conviction. State v. Owens, Fla.1970, 233 So.2d 389; State v. Wright, Fla.1969, 224 So.2d 300; Wells v. State, Fla.App. 1971, 249 So.2d 507. In the opinion which we had filed March 29, 1972 (and now have withdrawn), because we felt that it was the notice of appeal which was destroyed rather than the motion for new trial, we did not find ourselves restricted by the cases last cited and upon review of the evidence concluded that it was sufficient. Undoubtedly, we would have no difficulty in arriving at the same decision now if it were a matter properly before us for appellate consideration.
The judgment is affirmed.
REED, C. J., and MAGER, J., concur.