COBB, Judge.
The appellant filed in the trial court, pursuant to Rule 3.850, Florida Rules of Criminal Procedure, a motion to vacate judgment and sentence imposed for the crime of second degree murder and aggravated battery. We affirm the trial court’s denial concerning the first eight grounds raised in the motion. The ninth ground raises the issue of whether appellant’s right to appellate review by direct appeal from the judgment and sentence had been frustrated by his court-appointed attorney. In effect, appellant contends that his court-appointed counsel was ineffective on appeal. Appellant alleges that after the conviction his attorney filed a motion for a new trial. Before the trial court acted on the motion for new trial appellant’s attorney filed a notice of appeal, thereby nullifying the motion for a new trial. See Harrell v. State, 197 So.2d 505 (Fla.1967). Since a denial of a motion for new trial “is an absolute prerequisite to any appellate consideration of the sufficiency of the evidence to sustain the conviction,” Huntley v. State, 267 So.2d 374, 376 (Fla. 4th DCA 1972), appointed *646 counsel thereby waived appellant’s right to appeal that issue. In his brief in support of his motion for post-conviction relief, appellant alleges that the evidence was insufficient to sustain a conviction, and alleges that his appointed counsel frustrated his right to appellate review of this issue.
Frustration of appeal does not occur during trial and does not affect the validity of a conviction, therefore Rule 3.850 is not the appropriate procedure for raising this issue. The trial court was correct in denying the motion for post-conviction relief. See State v. Wooden, 246 So.2d 755 (Fla.1971); Mays v. State, 285 So.2d 637 (Fla. 4th DCA 1973). The proper remedy is to apply for delayed appellate review by petition for writ of habeas corpus directed to the appellate court for the district in which the appellant was convicted. Baggett v. Wainwright, 229 So.2d 239 (Fla.1969); Hollingshead v. Wainwright, 194 So.2d 577 (Fla.1967).
However, under Florida Rule of Appellate Procedure 9.040(c), this court will treat this case as though the proper remedy had been sought. See Article V, Section 2(a), Florida Constitution (1973); Thompson v. Dilley, 275 So.2d 234 (Fla.1973); Tobler v. State, 350 So.2d 555 (Fla. 1st DCA 1977); Rushing v. State, 233 So.2d 137 (Fla. 3d DCA 1970). Accordingly, in order to determine whether petitioner is entitled to full appellate review, the Honorable John W. Booth Circuit Judge of the Fifth Judicial Circuit of Florida, is appointed a Commissioner to take testimony and receive evidence as is necessary to resolve petitioner’s allegations, and thereafter, with all convenient speed, report his findings and recommendations to this Court.
It is so ordered.
DAUKSCH, C. J., and SHARP, J., concur.