MILLS, Judge.
Williams appeals the summary denial of his motion for postconviction relief filed pursuant to Rule 3.850, Florida Rules of Criminal Procedure. As grounds for his motion, Williams stated that he had been denied effective assistance of counsel and the right to appeal, based on the failure of his court-appointed counsel to file an appeal on his behalf, despite his alleged request that he do so. The trial court denied the motion, stating that it was untimely due to Williams’ delay in filing of nine months after sentencing. This appeal followed.[1]
We affirm, but not on the ground relied on by the trial court. It was error to deny Williams’ motion as untimely because Rule 3.850 provides that “[a] motion for ... relief [under the rule] may be made at any time.” (Emphasis supplied). However, the motion was properly denied because “frustration of appeal does not occur during trial and does not affect the validity of a conviction, therefore Rule 3.850 is not the appropriate procedure for raising this issue.” Chaudoin v. State, 383 So.2d 645, 646 (Fla. 5th DCA 1980). This court has also affirmed the denial of a Rule 3.850 motion alleging similar error, holding that such error “does not affect the validity of the conviction and sentence.” See Edwards v. State, 410 So.2d 635 (Fla. 1st DCA 1982).
The summary denial of Williams’ Rule 3.850 motion is affirmed.
BOOTH and BARFIELD, JJ., concur.

. We note that Williams’ notice of appeal appears to be untimely filed. However, the trial court failed to include in its order denying the motion “a statement that the movant ha[d] the right to appeal within 30 days of the rendition of the order,” as required by Rule 3.850. Therefore, the appeal is correctly treated as one timely filed. See State ex rel. Shevin v. District Court of Appeal, Third District, 316 So.2d 50, 51 (Fla.1975).