WIGGINTON, Judge.
Green brings this appeal from the trial court’s summary denial of his motion for post-conviction relief. We reverse.
Green’s motion raised several claims,[1] the main one being that he received ineffective assistance of counsel at his hearing for the revocation of his probation. That claim included allegations that his attorney failed to investigate properly the circumstances leading up to the charges forming the basis of the alleged violation of probation, failed to pursue alleged prejudicial and illegal acts on the part of the investigating law enforcement officer, and failed to call the investigating officer as a witness during the revocation hearing. The allegations made by Green on this issue were specific, as required by law, and would tend to demonstrate the prejudicial impact of his attorney’s performance on the revocation proceedings.
Accordingly, we reverse the order denying the motion and remand the cause to the trial court for the attachment of those portions of the record which would conclusively show that Green is entitled to no relief, or to conduct an evidentiary hearing on the issue of ineffective assistance of counsel. Williams v. State, 447 So.2d 442 (Fla. 5th DCA 1984); Vaught v. State, 442 So.2d 217 (Fla.1983).
SHIVERS and WENTWORTH, JJ., concur.

. Green’s arguments in paragraphs 9-11 of the motion are without merit. The alleged denial by his attorney to an appeal is not a cognizable issue on a 3.850 motion. Williams v. State, 454 So.2d 756 (Fla. 1st DCA 1984).