WIGGINTON, Judge.
We affirm the trial court’s holding that it had no jurisdiction to consider appellant’s motion for post-conviction relief, since the motion was filed during the pendency of appellant’s direct appeal in this Court. Carrin v. State, 459 So.2d 430 (Fla. 1st DCA 1984); Harpham, v. State, 415 So.2d 863 (Fla. 5th DCA 1982); cf. Bryan v. State, 470 So.2d 864 (Fla. 2d DCA 1985). However, our affirmance is without prejudice to appellant’s presenting the issues raised in a proper Fla.R.Crim.P. 3.850 motion.[1]
JOANOS and ZEHMER, JJ., concur.

. We note that appellant's notice of appeal appears to be untimely filed. However, the trial *1391 court failed to include in its order " 'a statement that the movant ha[d] the right to appeal within 30 days of the rendition of the order,’ ” as required by Fla.R.Crim.P. 3.850. Williams v. State, 454 So.2d 756, 757, n. 1 (Fla. 1st DCA 1984). Therefore, the appeal is correctly treated as one timely filed. Id