IN THE MATTER OF THE ESTATE OF MARY ELLEN GOTTSCHALK, Deceased; MARTIN J. KELLEY, as Executor of the Last Will and Testament of Mary Ellen Gottschalk, Deceased, v. ADELINE K. GOTTSCHALK.

196 So. 844

Opinion Filed June 14, 1940

Rehearing Denied July 6, 1940

Leland Hyzer, for Appellant;

C. S. Robertson and B. E. Carey, for Appellee.

TERRELL, C. J.—Mary Ellen Gottschalk executed her will in February, 1938, and died in June of that year. She left a brother and an adopted daughter as her legal representatives, the latter being the appellee in this case. In due course, appellee applied for and was appointed administratrix of the estate. Four days after her appointment, Martin J. Kelley, the appellant, produced the will of Mrs. Gottschalk and offered it for probate. Appellee filed her answer to the citation for probate and on the issues so made, the probate judge admitted the will to probate. On appeal to the circuit court, the judgment of the probate court was reversed and this appeal was prosecuted.

Probate of the will was resisted on the ground of undue influence and lack of testamentary capacity. No other question is here for review.

The direct evidence in support of undue influence and lack of testamentary capacity is not as strong as such issues are sometimes supported but the justice of the chancellor's decree of reversal speaks so loud that it demolishes the evidence to the contrary. . The administration of justice is the most precious function a democracy is called on to perform and no rule of procedure was ever intended to defeat it. Courts must have rules to guide them in the performance of this function but it has never been considered improper to toss right and common sense in the scales

and weigh them with the evidence to reach a just result. Rules of procedure are as essential to administer justice as they are to conduct a baseball game but they should never be permitted to become so technical, fossilized, and antiquated that they obscure the justice of the cause and lead to results that bring its administration into disrepute.

Rules of procedure are of value only as they point the path to justice or lead the litigants to the truth of the controversy. Any other purpose in their observance is beside the question. There is nothing sacrosanct about them, they should never be permitted to overshadow the main purpose of the litigation, to lead the court to detachment from the more vital issues or to absorption in shop-worn technicalities that defeat the very purpose of the litigation. Tested by these considerations, the decree appealed from may be easily plumbed.

At the time of her death, the testatrix was sixty-five years old and of very modest estate. For many years, her estate and support had been largely contributed to by appellee who was her niece and adopted daughter and who had been her constant companion for twenty-seven years. They lived alone until three or four years before her death when appellant moved in the home with them as a roomer. He had no visible occupation, was about the house most of the time with the testatrix to whom he proposed marriage though he was her junior. He produced the will shortly after her death under which he was the main beneficiary and was named administrator of the estate without bond. No one else knew of the will. It was inconsistent with the prior expressed intent of the testatrix, was executed in secret, its execution was kept secret from the lawful heirs until after the death of the testatrix and it was as unnatural as it was possible for a will to be.

We do not mean to relax the rule that one may dispose of his estate to whom he pleased barring legal limitations, but we do hold that when a total stranger moves into the home with an old lady, secures her confidence, and shows up after her death with a will to what she has that none of her lawful heirs know anything about, and which is surrounded by other suspicious circumstances, the burden is on him to show that he came by it as the free, voluntary act of the testatrix and that she was in her right mind when she executed it.

In addition to what we have related, the facts that impel this rule are that the beneficiary had ample opportunity to influence the testatrix, he lived in the house with her for several years, and was about the house through the day while appellee, the main support, natural beneficiary, and constant companion of the testatrix for twenty-seven years was away at work. The beneficiary under the will never contributed one penny to the estate and had no claim on it while appellee had by her own labor been largely instrumental in creating it and was the natural heir of the testatrix.

The judgment is affirmed.

Affirmed.

WHITFIELD, BUFORD and CHAPMAN, J. J., concur.

THOMAS, J., dissents.

Justice BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.