101 So.2d 833 (1958)
W.H. WIGGINS, Appellant,
v.
STATE of Florida, Appellee.
No. A-147.
District Court of Appeal of Florida. First District.
March 18, 1958.
William E. Harris, Panama City, for appellant.
George R. Georgieff, Asst. Atty. Gen., for appellee-movant.
STURGIS, Chief Judge.
The record in this cause reflects that at the close of the state's evidence in chief, the appellant, defendant below, being on trial for a criminal offense, moved the court to direct a verdict of acquittal on the ground that the state failed to prove a necessary element of the crime, which element was stated in the motion. The trial court denied the motion and defendant then presented evidence in his behalf. Defendant did not renew the motion for a directed *834 verdict of not guilty at the close of all of the evidence.
The state seeks to dismiss the appeal on the ground that Section 918.08, Florida Statutes, F.S.A. requires the defendant to renew, at the close of all the evidence, his motion for a directed verdict of not guilty if he is to preserve, for the purposes of an appeal, a claim of error based on the refusal of the trial court to grant a similar motion made at the conclusion of the state's evidence in chief.
Section 918.08 Florida Statutes, F.S.A. provides:
"(1) If, at the close of the evidence for the state or at the close of all the evidence in the cause, the court is of the opinion that the evidence is insufficient to warrant a conviction, it may and, on the motion of the prosecuting attorney or the defendant, shall, direct the jury to acquit the defendant.
"(2) A motion for directed verdict is not waived by subsequent introduction of evidence on behalf of defendant, but after introduction of evidence by defendant, the motion for directed verdict must be renewed at the close of all the evidence. Such motion must fully set forth the grounds upon which it is based."
The statute is so ineptly phrased that its object is confused. We are, however, called upon to construe it so as to reconcile the apparent inconsistencies and give meaning and effect to the language employed as a whole, if such be possible. In doing this, it is necessary to reconcile the provision whereby a motion for a verdict of not guilty (evidently referring to such motion made at the close of the state's evidence in chief) "is not waived by subsequent introduction of evidence on behalf of defendant," with the further provision that "after introduction of evidence by defendant, the motion for directed verdict must be renewed at the close of all the evidence."
Prior to the statute, such motion in a criminal case would lie only at the conclusion of all of the evidence and the granting thereof rested entirely within the discretion of the trial judge, hence it was that error could not be predicated for failure or refusal so to do. McCray v. State, 45 Fla. 80, 34 So. 5.
The statute modifies the common law and governs in the absence of a conflicting rule of court. Finding none, and giving effect to the proposition that the motion when made at the close of the evidence for the state  in the middle of the trial  is not waived by introduction of evidence on behalf of defendant, we hold that failure to renew such motion at the close of all the evidence does not preclude the movant from assigning on appeal a claim of error addressed to the denial of the motion so made at the close of the state's evidence in chief.
Motion denied.
WIGGINTON and CARROLL, JJ., concur.