224 So.2d 300 (1969)
STATE of Florida, Petitioner,
v.
James WRIGHT, Respondent.
No. 38240.
Supreme Court of Florida.
June 18, 1969.
Earl Faircloth, Atty. Gen., and William D. Roth, Asst. Atty. Gen., for petitioner.
Lee R. Horton, Public Defender and Robert R. Crittenden, Asst. Public Defender, for respondent.
CARLTON, Justice.
By writ of certiorari the Attorney General seeks to have this Court expunge certain language construing Rule 6.16, subd. b, Florida Appellate Rules, 32 F.S.A., which appeared in a decision of the District Court of Appeal, Second District, styled as Wright v. State, 216 So.2d 229 (1968). Since Wright itself sets out in detail the rationale behind the District Court's Construction of the rule, we will limit ourselves here to a discussion of the Attorney General's position.
The language sought to be expunged is as follows:
"So we must, and do, hold that a motion for new trial, duly filed and ruled upon, is not an indispensable prerequisite to review by the appellate Court of the sufficiency of evidence in a criminal case to sustain the judgment appealed, provided such alleged insufficiency is included in the assignments of error. In the case sub judice, grounds 4, 5 and 6 each raise the point. Therefore, the sufficiency of evidence to prove the specific intent to steal or unlawfully use the automobiles is open for our consideration."
The Attorney General has no quarrel with the ultimate decision announced by *301 the District Court, namely, the affirmance of Wright's conviction. However, the Attorney General contends that the above language, which admittedly is dicta, squarely places the Wright case in direct conflict with numerous decisions of other Florida appellate courts. He fears that this conflict will create confusion as to the proper interpretation of Rule 6.16, subd. b. The cases cited for jurisdictional conflict are: Gilbert v. State, 148 Fla. 293, 4 So.2d 330 (1941); Jones v. State, 212 So.2d 804 (1st DCA 1968); Kimble v. State, 208 So.2d 471 (1st DCA 1968); and Smith v. State, 194 So.2d 310 (1st DCA 1967). Each of these cases holds that the sufficiency of the evidence cannot be asserted as a ground for reversal in an appellate court unless the appellant has previously filed a motion for new trial, based on alleged insufficiency of the evidence, with the trial court. We accepted jurisdiction on the basis of the obvious conflict between the above cases and Wright.
The Judges of the District Court were not unaware of the fact that their interpretation of Rule 6.16, subd. b as announced in Wright was in conflict with numerous other Florida cases. They enunciated their decision only after a detailed analysis of cases which the Attorney General presented to them in opposition to their ruling.
After hearing oral argument and carefully considering the briefs, we are of the opinion that the interpretation of Rule 6. 16, subd. b advanced by the District Court is in error. The Attorney General is correct in his assertion that the rule continues to require the filing of a motion for new trial based on an alleged insufficiency of the evidence as a prerequisite to any questioning of the sufficiency of the evidence upon appeal. The only exception provided for in the Rule is, of course, a case in which a criminal defendant is sentenced to death.
We, therefore, hold that the portion of the District Court's opinion in Wright set out in quotation above is in error and should be, and hereby is, expunged and held for naught. This expurgation shall have no effect on the District Court's affirmance of Wright's trial court conviction.
It is so ordered.
ERVIN, C.J., DREW and ADKINS, JJ., and CULVER SMITH, Circuit Judge, concur.