WALDEN, Judge.
Hubert Owens was charged with breaking and entering with intent to commit a felony and grand larceny. Tried by jury, he was found guilty and duly adjudicated and sentenced. He appeals, saying that there was a total lack of evidence to show that the value of the property in question was $100.00 or more. The state concedes that the evidence of value was insufficient. However, the state, by way of avoidance, asserts that Owens is without standing to raise this point on appeal inasmuch as no motion for a new trial was made in the trial court. It is true that such motion was not made. However, the matter was ade *242 quately presented before the trial court and the trial court was given a clear opportunity to rule upon the sufficiency of the evidence. This was accomplished by Owens’ motion for a directed verdict made at the conclusion of all of the evidence. It was presented as follows:
“MR. HOLMES: The Defense moves for a partially directed verdict, in any event, in this case. I find one element missing in both of the charges involved, and that is an element of the value of the property allegedly taken.
“The only testimony we have going to the value of the property relates to the value of more than a year; its purchase price more than a year prior to the time of the taking, alleged in this case; and therefore I would move that at the very least the Court directs a verdict that this Defendant not be convicted of breaking and entering with intent to commit a felony or grand larceny, but only, if [sic] such lesser charges as may be appropriate.
“THE COURT: Do you have anything further, Counselor?
“MR. HOLMES : No, sir.
“THE COURT: Motion denied.”
The state cites in support of its position Gilbert v. State, 1941, 148 Fla. 293, 4 So.2d 330; Smith v. State, Fla.App.1966, 194 So.2d 310; and Jones v. State, Fla.App. 1968, 212 So.2d 804. We also notice the latest expression from the Supreme Court of Florida in State v. Wright, Fla. 1969, 224 So.2d 300. Indeed these cases do stand for the proposition that the sufficiency of evidence may not be challenged on appeal unless presented to the trial judge on motion for a new trial. However, our reading of them does not foreclose or prohibit an alternate method of presenting the matter to the trial judge by motion for a directed verdict. The important criteria, as we understand it, is that the trial court should have the opportunity to assess the sufficiency of the evidence.. In Hogwood v. State, Fla.App.1965, 175 So.2d 817, it was held that a motion for a directed verdict was sufficient to preserve the question in a non jury trial. In Nelson v. State, Fla.1957, 97 So.2d 250, it was concluded that by assigning as error the denial by the trial court of a motion for a directed verdict the sufficiency of evidence was raised for an appellate court to review. In Wiggins v. State, Fla.App.1958, 101 So.2d 833, 835, a motion for a directed verdict was made after the state’s case was presented. It was not renewed after defendant put on evidence but, regardless, the court ruled that the subject of the motion could be reviewed on appeal, the subject being the failure to prove an element of a crime.
Owens’ conviction is reversed with instructions to grant him a new trial.
Reversed.
McCAIN and REED, JJ., concur.