233 So.2d 389 (1970)
STATE of Florida, Petitioner,
v.
Hubert OWENS, Respondent.
No. 39152.
Supreme Court of Florida.
March 25, 1970.
Rehearing Denied April 9, 1970.
Earl Faircloth, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for petitioner.
Louis R. Bowen, Jr., Public Defender, and Edward G. Helvenston, Asst. Public Defender, for respondent.
BOYD, Justice.
This cause is before us on petition for writ of certiorari to the District Court of Appeal, Fourth District. Jurisdiction is based on the conflict between the decision of the District Court of Appeal herein, reported at 227 So.2d 241, and the decision of this Court in State v. Wright, 224 So.2d 300 (Fla. 1969).
Respondent Owens was charged with breaking and entering with intent to commit a felony and grand larceny. He was tried by a jury, found guilty and sentenced to 15 years for breaking and entering and five years for grand larceny, the latter sentence to run concurrently with the former.
*390 On appeal to the District Court, Owens contended that there was a total lack of evidence to show that the value of the property in question was $100 or more. The State conceded that the evidence of value was insufficient but asserted that Owens had no standing to raise this point on appeal inasmuch as no motion for new trial was made in the trial court. The position of the State is difficult to understand since the uncontradicted testimony of the owner was that the property stolen, consisting of two .22 caliber pistols, a leather holster, and a wrist watch, had a value of $267.
The District Court reversed the conviction and ordered a new trial holding that, although there was no motion made for new trial, the matter had been adequately presented to the trial court on motion for a directed verdict made at the conclusion of all the evidence. The District Court distinguished State v. Wright, supra, and other cases holding that the sufficiency of the evidence may not be challenged on appeal unless presented to the trial court on a motion for new trial, stating:[1]
"However, our reading of them does not foreclose or prohibit an alternate method of presenting the matter to the trial judge by motion for a directed verdict. The important criteria, as we understand it, is that the trial court should have the opportunity to assess the sufficiency of the evidence."
We understand the natural reluctance of the District Court to foreclose respondent's opportunity to question the sufficiency of the evidence in view of the State's concession. However, Florida Appellate Rule 6.16(b), 32 F.S.A. and a line of cases, the most recent of which is State v. Wright, supra, require that a motion for a new trial based on the alleged insufficiency of the evidence be filed as a prerequisite to any questioning of a sufficiency of the evidence on appeal in a criminal case, the only exception being a case in which a criminal defendant is sentenced to death.
Accordingly, the decision of the District Court is quashed and the cause remanded with instructions to affirm the judgment of conviction entered by the trial court.
It is so ordered.
DREW, Acting C.J., THORNAL and ADKINS, JJ., and SPECTOR, District Court Judge, concur.
NOTES
[1] 227 So.2d 241, 242 (Fla.App. 4th 1969).