273 So.2d 371 (1973)
David Roland MANCINI, Petitioner,
v.
STATE of Florida, Respondent.
No. 41872.
Supreme Court of Florida.
February 14, 1973.
*372 Law Offices of Fred A. Jones, Jr., Miami, for petitioner.
Robert L. Shevin, Atty. Gen. and William W. Herring, Asst. Atty. Gen., for respondent.
DEKLE, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the Fourth District Court of Appeal, reported at 254 So.2d 381.
On February 18, 1969, defendant, petitioner herein, was arrested and charged with unlawful possession of narcotics. He entered a plea of not guilty, waived trial by jury and on October 20, 1969, was tried before the Judge. Defendant was found guilty and sentenced to three months in the County Jail plus two months' probation. Notice of appeal was filed October 21, 1969.
On October 11, 1971, the district court affirmed the conviction, per curiam, citing State v. Wright, 224 So.2d 300 (Fla. 1969) and Florida Appellate Rule 3.5(c), 32 F.S.A. The citation of this authority indicates that the district court's affirmance was based on the fact that defendant had failed to file a motion for new trial as essential for a review of the sufficiency of the evidence. In Wright, rendered June 18, 1969, this Court held that the filing of a motion for new trial based on insufficiency of the evidence was a prerequisite to any questioning of the sufficiency of the evidence upon appeal, the only exception being in capital cases.
On the day that the defendant was tried, October 20, 1969, this Court's opinion in State v. Wright, supra, was on the books, having been rendered three months before the date of defendant's trial. However, defendant contends that he relied on the district court opinion in Owens v. State, 227 So.2d 241 (Fla.App.4th 1969), a decision which was entered September 30, 1969, but not rendered final by the denial of petition for rehearing until November 7, 1969. The district court in Owens held that where a defendant in a criminal case moved for a directed verdict on the ground that proof of value of the property taken was not presented, failure to move after verdict for a new trial did not preclude the defendant from raising such an issue on appeal. Owens was reversed by this Court in State v. Owens, 233 So.2d 389 (Fla. 1970), on April 9, 1970, and holds (as did Wright) that a motion for new trial based on alleged insufficiency of the evidence must be filed as a prerequisite to any questioning of the sufficiency of evidence on appeal in criminal cases.
*373 With the conflict in the expressions and applications of this important rule of law in the various cases, we must resolve the matter.
We have carefully re-examined all of the authorities which have gone "back and forth" on this rule of law and have reached the conclusion that logic and justice lie with that rule which affords a review of a trial judge's actions, be they upon a motion for directed verdict or a motion for new trial.
The case reviewed in our Owens came from the Fourth District, Owens v. State, 227 So.2d 241 (Fla.App.4th 1969). In an incisive opinion by Judge Walden, the matter was there put in its proper perspective. We now recognize the correctness of that view and hereby return to that able district court opinion which recognizes our rule in State v. Wright, supra, and its predecessor cases requiring a determination by the trial judge on motion for new trial in order to test the sufficiency of the evidence to support a verdict, but then points out the alternative of a review of a motion for directed verdict, in the following language: (p. 242)
"However, our reading of them [Wright and earlier cases] does not foreclose or prohibit an alternate method of presenting the matter to the trial judge by motion for a directed verdict. The important criteria, as we understand it, is that the trial court should have the opportunity to assess the sufficiency of the evidence. In Hogwood v. State, Fla.App. 1965, 175 So.2d 817, it was held that a motion for a directed verdict was sufficient to preserve the question in a non jury trial. In Nelson v. State, Fla. 1957, 97 So.2d 250, it was concluded that by assigning as error the denial by the trial court of a motion for a directed verdict the sufficiency of evidence was raised for an appellate court to review. In Wiggins v. State, Fla.App. 1958, 101 So.2d 833, 835, a motion for a directed verdict was made after the state's case was presented. It was not renewed after defendant put on evidence but, regardless, the court ruled that the subject of the motion could be reviewed on appeal, the subject being the failure to prove an element of a crime."
It will be seen that the cited Nelson v. State, supra, our own holding, recognizes the alternative means for reviewing the legal sufficiency of the evidence in the case of a motion for directed verdict which affords the trial judge opportunity for review as to the legal sufficiency of the evidence to support a verdict of guilty.
We, therefore, recede from the limitation in our prior Owens and Wright holdings in cases wherein, as here and in Owens, there is a motion for directed verdict assigned as error, in which case we hold this to be a sufficient predicate for appellate review of the sufficiency of the evidence to support a guilty verdict, without a motion for new trial.
It is a gross injustice, once the trial judge has been allowed to "make his error", not to hold him to a review of his ruling on the motion for directed verdict which was made. The reason for the Owens Rule has been met by affording the trial judge "his guess" upon directed verdict. When the reason for a rule disappears, so should the rule. At least the rule should not apply when the reason for it is absent.
As important as procedure may be, it must yield to substance where manifest injustice appears. Our late, revered Justice Glenn Terrell in his inimitable style expressed it well in Kelley v. Gottschalk, 143 Fla. 371, 196 So. 844 (1940), when he said:
"The administration of justice is the most precious function a democracy is called on to perform and no rule of procedure was ever intended to defeat it. Courts must have rules to guide them in *374 the performance of this function, but it has never been considered improper to toss right and common sense in the scales and weigh them with the evidence to reach a just result. Rules of procedure are as essential to administer justice as they are to conduct a baseball game, but they should never be permitted to become so technical, fossilized, and antiquated that they obscure the justice of the cause and lead to results that bring its administration into disrepute."
We do not recede from the Owens Rule insofar as "sufficiency of the evidence" refers to the total weight of the evidence in a jury trial, in order to have appellate review as to whether the evidence supports a jury verdict. The reason for the rule in that instance remains, i.e., that the trial judge (before being reviewed) should have the opportunity upon motion duly presented to listen and to consider arguments in the cool and calm of his chambers after the "heat of battle" in the courtroom has subsided, and to contemplate the sufficiency of evidence to support the jury's verdict. The same is not true as to his own non-jury verdict in which he inherently has opportunity for review of his own findings from the evidence.
A motion for new trial is the first point at which the trial judge is afforded the opportunity to review the jury's determination. This is different from the requirement that the State's evidence against a defendant must make out a prima facie case; it may not be "sufficient" to do this. Of course this "sufficiency" arises earlier in the cause when motion for directed verdict (or possible motion to suppress evidence or a confession and the like) is presented for consideration and ruling by the judge. In such instances the trial judge does have his opportunity to rule on whether there has been a prima facie case made by the evidence; it thus meets the test or reason for the rule. The adequacy ("sufficiency") of the State's evidence to withstand motions (as distinguished from that of the total weight of the entire evidence in the cause after jury verdict) should be considered on appeal without a motion for new trial, if the motion for directed verdict (or other applicable motion) was made. The motion for new trial may also go to this point but it should not be a necessary predicate for review insofar as the earlier motions are concerned. The motion for new trial in these respects is really a second motion directed to the particular point raised  redundant in a sense. The rule should be and is now extended to recognize this alternative method of review of earlier trial motions which go to the sufficiency of the evidence, without the necessity of the "second shot" motion for new trial, except upon matters not covered by such other motions, as in the case of the weight of the evidence to support a jury verdict not otherwise afforded trial review.
The Fourth District's holding here, understandably following our reversal in Owens, must accordingly be quashed with directions now to review the trial judge's denial of motion for directed verdict (consistent with its own earlier Owens!).
It is so ordered.
ROBERTS, Acting C.J., and ERVIN, ADKINS and McCAIN, JJ., concur.
MASON, Circuit Judge, concurs specially with opinion.
BOYD, J., dissents with opinion.
MASON, Circuit Judge (concurring specially).
I concur in the conclusion reached in the majority opinion, but for a different reason. The defendant was tried by the Court, jury trial being waived. The defendant moved for directed verdict at the *375 conclusion of the State's case, which was denied. Therefore, the trial judge ruled upon the sufficiency of the State's evidence when he ruled upon the motion for directed verdict and it would be useless to require the defendant to file a motion for new trial based upon the very same alleged deficiency in the evidence, in order to have advantage of appellate review. The trial judge, as judge of both the law and the facts, had full opportunity to contemplate the sufficiency of the evidence to support the State's case before he ruled upon the defendant's motion for directed verdict and should not have denied the motion for directed verdict if, in his judgment, the evidence was not sufficient to sustain a conviction.
BOYD, Justice (dissenting):
I must dissent.
First, there is no basis for this Court's jurisdiction. The only case cited for conflict, Owens v. State,[1] was reversed by this Court.[2] All other authorities are in unanimous accord stating the rule followed by the District Court in the instant case, to-wit: That sufficiency of the evidence cannot be raised on appeal unless presented to the trial court on motion for new trial. There is no possible conflict.
Second, in addition to lack of jurisdiction, I must dissent because this Court could more properly change the law through the exercise of its rule-making powers. The Courts below have properly followed the law as it has existed in this State since time immemorial. If change is needed, so as to allow sufficiency of the evidence raised on motion for directed verdict to form the basis of appeal, this change should be set out in a rule.
NOTES
[1] 227 So.2d 241 (Fla.App. 4th 1969).
[2] 233 So.2d 389 (Fla. 1970).