MASON, Circuit Judge
(dissenting).
I must respectfully dissent for the reason that this case was tried before a jury and the trial court was called upon to rule upon the motion for directed verdict while the jury awaited his decision. He, therefore, had to “shoot from the hip” so to speak, without ample opportunity to study the motion. In Mancini, relied upon by the majority in which I concurred specially, the situation was different. There, he had an opportunity to take the motion under advisement pending the receipt of all the evidence, or to adjourn the trial to give him time to study the question of the sufficiency of the evidence before making his ruling on the motion for directed verdict. This difference in the procedural situation between the case sub judice and Mancini impels me to hold that in a case tried before a jury the interpretation of the rule (F.A.R. 6.16b) announced in Owens v. State, 233 So.2d 389 (Fla.) 1970, and in State v. Wright, 224 So.2d 300 (Fla.) 1969, and cases cited therein, should be adhered to here, viz., that a motion for new trial based on the alleged insufficiency of evidence must be filed as prerequisite to any questioning of such sufficiency on appeal in a criminal case, except where the case is a capital one. No such motion was filed in this case and for the reason stated in Owens and Wright I would affirm the DCA and dismiss the writ.
ADKINS, J., concurs.