471 So.2d 32 (1985)
Wilson TILLMAN, Petitioner,
v.
STATE of Florida, Respondent.
No. 64653.
Supreme Court of Florida.
June 6, 1985.
*33 Michael E. Allen, Public Defender and Carl S. McGinnes, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for petitioner.
Jim Smith, Atty. Gen. and Lawrence A. Kaden, Asst. Atty. Gen., Tallahassee, for respondent.
BOYD, Chief Justice.
This case is before the Court on petition for review of a decision of the District Court of Appeal, First District, based on the district court's certification that its decision passed upon a question of great public importance. Tillman v. State, 440 So.2d 666 (Fla. 1st DCA 1983). We have jurisdiction to review the decision. Art. V, § 3(b)(4), Fla. Const. The certified question is whether there is such an offense as attempted manslaughter in the law of Florida.
With regard to the certified question, we find that it is controlled by our decision in Taylor v. State, 444 So.2d 931 (Fla. 1983), which was rendered subsequent to the district court decision in the instant case. In Taylor this Court held that there is a crime of attempted manslaughter but that a conviction of such offense requires proof of a certain degree of criminal intent on the part of the defendant; mere culpable negligence is not sufficient to establish such criminal intent. Id. at 934.
Petitioner Wilson Tillman was tried on a three-count indictment charging: (1) the first-degree murder of Brenda Green; (2) the attempted first-degree murder of Linda Lewis; and (3) carrying a concealed firearm. The evidence showed that petitioner was the boyfriend of Brenda Green and that she shared her home with him. On July 4, 1982, there was a cookout held in the yard at the apartment complex where they lived. Numerous relatives and friends attended the cookout. Later that evening, a smaller number of the group continued to visit in the apartment occupied by Brenda Green, her daughter, her brother, and the petitioner. According to the testimony of Linda Lewis, cousin of Brenda Green and herself the victim of the offense charged as attempted murder in count two, petitioner and Brenda Green got into an argument. After she indicated to him that if he was dissatisfied he could simply move out of her home, he put his hand in his pocket. After she taunted him to use "that sucker" rather than just "clicking" it, he *34 drew his gun and fired several times, killing Brenda Green and wounding Linda Lewis in the arm.
During the cross-examination of state's witness Linda Lewis at trial, the defense attempted to ask the witness whether the deceased, Brenda Green, had told Linda Lewis about an incident in which Brenda Green struck Wilson Tillman with a heavy drinking mug, causing a serious injury. The state objected to the questions on the ground that the answers would be hearsay. The defense proffered the testimony out of the hearing of the jury and argued that the testimony about the incident was relevant to the issue of self-defense in that it would tend to show that the defendant had a reasonable fear of the deceased. The trial judge sustained the objection and disallowed the line of questioning.
The jury returned verdicts finding petitioner guilty of second-degree murder on count one, guilty of attempted manslaughter on count two, and guilty as charged of carrying a concealed firearm on count three. The defense argued that there could be no adjudication of guilt on the verdict for attempted manslaughter, contending that there was no such offense under Florida law. The court disagreed and entered judgment on the three verdicts.
On appeal, petitioner Tillman raised both the issue of the existence of the crime of attempted manslaughter and the correctness of the trial court's ruling excluding defense counsel's attempted elicitation of testimony from Linda Lewis on the ground of hearsay. The district court of appeal affirmed the judgments of conviction on all three counts, certified the question of the existence of the crime of attempted manslaughter, but did not discuss the hearsay question in its opinion. Tillman v. State, 440 So.2d at 666. The petition for review in this Court followed.
In his brief before this Court, petitioner acknowledges that our decision in Taylor has answered the certified question. Accordingly, he argues not that there is no such crime as attempted manslaughter but that under the limitations placed on the definition of the offense by this Court, he should get a new trial on the charge because of doubts about the evidence and the jury's interpretation thereof. Petitioner also argues that the disallowed questions defense counsel attempted to ask on cross-examination of Linda Lewis at trial should have been allowed because the testimony sought came within an exception to the hearsay rule and was relevant to the issue of self-defense.
The state makes a preliminary argument that this review proceeding should be dismissed. With regard to the attempted manslaughter conviction, the state grounds its position on the fact that the certified question has been resolved by Taylor. With regard to the hearsay question, the state argues for dismissal on the ground that the district court of appeal did not discuss the issue in its opinion.
The district court's certification that its decision passed upon a question of great public importance gives this Court jurisdiction, in its discretion, to review the district court's "decision." Art. V, § 3(b)(4), Fla. Const. Once the case has been accepted for review here, this Court may review any issue arising in the case that has been properly preserved and properly presented. See, e.g., Trushin v. State, 425 So.2d 1126 (Fla. 1983).
Petitioner argues that he should be given a new trial on the charge of attempted manslaughter. He points out that under Taylor a conviction for such offense must be based on proof of an act or procurement done with the requisite criminal intent and may not be based on mere culpable negligence. See § 782.07, Fla. Stat. (1981). Petitioner contends that it is unclear whether the jury found its verdict on the ground of an act or procurement on the one hand or culpable negligence on the other.
The foregoing argument is not the argument raised at trial or on appeal. In both the trial and appellate courts, petitioner argued that no judgment of conviction could be entered on the jury's verdict *35 of attempted manslaughter because there was no such crime. In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved. E.g., Steinhorst v. State, 412 So.2d 332, 338 (Fla. 1982); Black v. State, 367 So.2d 656 (Fla. 3d DCA 1979). It is true that the trial and appeal took place before our decision in Taylor was rendered. Thus it might well be argued that there was no opportunity for defense counsel to rely on the specific ground raised now, by, for example, asking that the jury be instructed on the difference between "act or procurement" and "culpable negligence." But the Taylor decision was no fundamental departure in this area of the law; it was based upon reasoning derived from legal precedents. Moreover, as the state points out, it was only after the attempted manslaughter verdict was returned that defense counsel objected to the entry of judgment and argued that the crime did not exist. Defense counsel did not object when the court instructed the jury on attempted manslaughter as a possible lesser offense upon which they might return a verdict. We therefore find that the issue petitioner presents is not properly presented, not having been raised at trial by specific objection or motion.
Furthermore, we find upon review of the record that there was sufficient evidence to support the conclusion that the shooting of Linda Lewis was the result of an act of petitioner done with the requisite criminal intent and was not mere culpable negligence. Petitioner was engaged in the fatal shooting of Brenda Green when one of the bullets struck Linda Lewis. The evidence was sufficiently like that in Taylor to bring this case within the Taylor rule under which a conviction of attempted manslaughter can be sustained if the requisite criminal intent to do the act can be shown.
We conclude that no reversible error affects petitioner's conviction of attempted manslaughter. We therefore approve the district court's decision affirming it.
Petitioner also argues that he should get a new trial because the trial court erred in refusing to permit him on cross-examination of Linda Lewis to bring out the fact that the deceased had told the witness about having violently struck petitioner. Petitioner argues that the testimony should not have been excluded because it came within an exception to the hearsay rule and was relevant to his claim of self-defense.
We note first of all that petitioner testified in his defense and told the jury of the incident in which the deceased had struck him. Thus the testimony excluded as hearsay would have been merely corroborative of his testimony to the jury on that point of fact. Furthermore, petitioner told the jury his version of the shooting incident, claiming that he shot Brenda Green in self defense. His account was directly contradicted by Linda Lewis, whom the jury apparently chose to believe.
Petitioner argues that the testimony about the statements of the deceased concerning the incident were admissible as a declaration or admission against the penal interest of the speaker. We will not decide the merits of this contention because this specific argument was not presented to the trial court as a ground of admissibility. In order to preserve for review an issue arising from a trial court's ruling on a question of admissibility of evidence, the specific ground to be relied upon must be raised before the court of first instance. Here defense counsel merely profferred the testimony and argued its relevance. Trial defense counsel did not present to the court the specific argument relied upon here that the testimony came within an exception to the hearsay rule. We therefore decline to reach the issue of whether the trial court erred on this issue.
The decision of the district court of appeal is approved.
It is so ordered.
*36 ADKINS, OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.