516 So.2d 975 (1987)
Ernest James WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1181.
District Court of Appeal of Florida, Fifth District.
November 5, 1987.
Rehearing Denied December 17, 1987.
James B. Gibson, Public Defender, and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for appellee.

*976 ON MOTION FOR REHEARING, REHEARING EN BANC AND/OR REQUEST FOR CERTIFICATION
COWART, Judge.
To maintain uniformity in this court's decisions, a majority of the judges of this court grant the defendant's motion for rehearing en banc, Florida Rule of Appellate Procedure 9.331(c), withdraw the prior opinion in this case, and concur in the following opinion.
Without any force or threat to the custodian, a thief grabbed money from a store cash register and ran from the store to the parking lot and a waiting car driven by the defendant Williams. A pursuing store security guard, C.J. Crawford, was knocked to the ground when she struggled to prevent the thief from entering the passenger side of the car. The defendant and thief drove off. The defendant was later apprehended and charged with conspiracy, robbery, and fleeing and eluding a police officer. The robbery count charged the accused with taking by force money from Virginia Willis who was the store's employee in charge of the cash register. Defense counsel made a motion for judgment of acquittal and renewed it at the close of all the evidence in the case pursuant to Florida Rule of Criminal Procedure 3.380(a) and (b) but argued only that the evidence was insufficient to show that the defendant had any knowledge that the thief was going to commit the theft before it was committed or that the defendant knowingly participated in the theft. The jury found the defendant not guilty of the conspiracy charge but guilty of the robbery and fleeing and eluding charges.
On appeal the defendant argues that because the thief used no force in taking the money from the store cash register, the defendant's conviction for robbery should be reversed under Royal v. State, 490 So.2d 44 (Fla. 1986).
The State argues that the defendant is barred by the contemporaneous objection rule from arguing Royal on appeal because the defendant, on his motion for judgment of acquittal, argued only the lack of evidence as to the defendant's knowledge of, and intent to participate in, the commission of the theft by the thief and did not argue the Royal point that no force was used by the thief in the taking of the money from the cash register and that the force on the security guard at the car in the parking lot was not used to accomplish the taking of the money.
As was indicated by the Florida Supreme Court in State v. Rhoden, 448 So.2d 1013 (Fla. 1984), which disapproved the application of the contemporaneous objection rule to sentencing errors, the real purpose of the contemporaneous objection rule applies during a jury trial to assure correct rulings by the trial court on questions relating to the admissibility of evidence and instructions of law to the jury because judicial errors in those instances cannot be effectively corrected after the jury renders a verdict and is discharged and dissolved. There is no need to apply the rule strictly to pure rulings of law which can be corrected independent of a jury verdict, such as in this case.
The State relies on language from the case of Tillman v. State, 471 So.2d 32 (Fla. 1985), for the proposition that a specific legal argument or ground must be presented to the lower court to preserve it for review by a higher court. In Tillman, the question certified to the supreme court was whether there was such an offense as attempted manslaughter under Florida law. The supreme court did three things. First, it held that there was a crime of attempted manslaughter but that such offense required proof of a certain degree of criminal intent. Secondly, the court then addressed the defendant's contention that the evidence did not support a finding that the defendant had the requisite degree of criminal intent. Thirdly, the court stated that
In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved.
*977 Tillman v. State, 471 So.2d 32, 35 (Fla. 1985). After making that statement, the supreme court reviewed the record and found that the evidence was sufficient to support the conclusion that the defendant's act had been done with the requisite criminal intent. At least one of these three holdings was not essential to the decision in Tillman. Notwithstanding the language quoted above, we do not believe that the supreme court would have denied Tillman relief and left him in prison under a conviction for a nonexistent crime, or for a crime which the record affirmatively shows him to be not guilty, if the supreme court had also held that there was no such offense as attempted manslaughter, or if it had also found from the record that Tillman did not have the requisite criminal intent.
Since the supreme court decided Royal, this issue has reappeared in several cases before the Fifth District Court of Appeal. Hogan v. State, 493 So.2d 84 (Fla. 5th DCA 1986), set aside a robbery conviction based on Royal. In Flarity v. State, 499 So.2d 18 (Fla. 5th DCA 1986), the defendant pumped gasoline into his car at a self-service station. Thereafter the station attendant was forced off the side of the car as he attempted to prevent the thief from driving away without paying. Based on Royal, Flarity's robbery conviction was reversed because the violence occurred after the taking. Next, in J.B.H. v. State, 11 F.L.W. 2099 (Fla. 5th DCA Oct. 2, 1986), based on Royal, the panel first reversed a juvenile conviction because the force or violence was used by the thief to retain goods already taken without force. On rehearing the panel switched its position and upheld the conviction based on the failure of the appellant to contest the sufficiency of the evidence at any point in the proceeding below. J.B.H. v. State, 498 So.2d 613 (Fla. 5th DCA 1986).
Several months before this case was tried, the trial judge in this case, who was also the trial judge in Flarity v. State, supra, rejected an excellent argument of private defense counsel to the effect that the force in Flarity occurred after Flarity's theft of gasoline. Why? Because the en banc decision in Royal v. State, 452 So.2d 1098 (Fla. 5th DCA 1984), to the effect that the force necessary in robbery could occur after the thief had acquired actual possession of the stolen property, had been published for almost two years at that time and the trial judge was legally bound to follow the decision in the Fifth District Court of Appeal Royal case and to reject all arguments to the effect that that decision was erroneous and should not be followed. Williams' wrongful conviction in this case, like Flarity's conviction, did not result from any error of defense counsel or of the trial judge. The denial of Williams' motion for judgment of acquittal was mandated by our opinion in Royal whether or not defense counsel argued that point. To require the trial defense counsel in this case to argue to the trial judge to grant a motion for judgment of acquittal because the force involved occurred after the taking was completed would be to require the defense counsel to do a most futile and useless act.
The problem in this case does not really involve the sufficiency of the evidence. The facts are totally insufficient to support a conviction of robbery because without question, under the law and the uncontested facts, no robbery occurred. It would be grossly unjust to reject Williams' appeal and affirm his wrongful conviction of robbery and keep him in prison for a crime that never occurred because of our decision in Royal, which was later reversed by the supreme court.
The State argues that the defendant's robbery conviction should be affirmed on this appeal and that the defendant can institute a 3.850 motion predicated on the ineffective assistance of his counsel as evidenced by his counsel's failure to argue on his motion for judgment of acquittal that there was no evidence that the thief used force in taking money from the store's cash register. The defendant in this case is entitled to immediate relief from a wrongful conviction which should not be made to depend on his ability to prove that his trial counsel was incompetent and ineffective. In such a post-conviction proceeding, trial defense counsel has an excellent argument that he was not ineffective or incompetent merely because he did not urge the trial judge in this case to hold contrary to the *978 binding en banc decision of this court in Royal. As to the right on appeal to relief from an improper conviction, there is no substantive difference between Flarity, whose retained defense counsel made a proper motion and a good argument which were properly overruled and rejected by the trial judge, and Williams, whose appointed defense counsel made a proper motion but an insufficient argument, when a good argument would have been properly rejected by the trial judge. If a defendant himself cannot by express agreement confer authority on a trial court to impose an illegal sentence that cannot be corrected on appeal, see Williams v. State, 500 So.2d 501 (Fla. 1986), why should a defense counsel be able to confer, by oversight, ignorance, neglect, or insufficient argument, authority on a trial court to impose an illegal conviction that cannot be corrected on appeal?
The substance in this case is: Did a robbery occur? Did the defendant do it or did he aid the robber? The answer to both questions is "no." Elementary justice in criminal cases is for a defendant to be found guilty of crimes he committed and not guilty of crimes he did not commit. Regardless of the procedural technicalities that the criminal justice system imposes upon itself, that system has but one product  justice  and it is unjust for a defendant to be in prison for a crime that never occurred.
We hold that, under the circumstances of this case, defense counsel was not required to uselessly argue against the majority en banc district court opinion in Royal and that the motion for judgment of acquittal was sufficient to raise the issue in this case and preserve the matter for appellate review. We further hold that being convicted of a crime that never occurred is error of such fundamental nature as is correctable on appeal without an objection below (see Givens v. State, 501 So.2d 758 (Fla. 5th DCA), rev. denied, 511 So.2d 999 (Fla. 1987); Webber v. State, 497 So.2d 995 (Fla. 5th DCA 1986), approved, 509 So.2d 926 (Fla. 1987)), and must be reversed "in the interest of justice" (see Tibbs v. State, 397 So.2d 1120 (Fla. 1981), affirmed, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982)). Alternatively, if necessary to do justice, we would treat this appeal as a petition for certiorari and quash the conviction (1) because it departs from the essential requirements of law (see Sanders v. Sanders, 498 So.2d 1063 (Fla. 5th DCA 1986)) or (2) because the error here is so serious as to result in a miscarriage of justice (see Combs v. State, 436 So.2d 93 (Fla. 1983)), or we would treat the instant appeal as a petition for writ of habeas corpus and grant relief (see Baggett v. Wainwright, 229 So.2d 239 (Fla. 1969); State v. Meyer, 430 So.2d 440 (Fla. 1983); McCullum v. State, 498 So.2d 1374 (Fla.3d DCA 1986)). Our conclusion here is consistent with Royal, and follows Hogan and Flarity. We recede from J.B.H. v. State, 498 So.2d 613 (Fla. 5th DCA 1986).
Count II of the information charging robbery in this case alleged that the money taken was of a value in excess of $100.00. The jury finding of robbery did not constitute an acquittal of grand theft nor did it constitute a finding of the value necessary for grand theft.
Accordingly, the robbery conviction is reversed and the cause is remanded for a new trial on the charge of grand theft.
REVERSED and REMANDED.
DAUKSCH, ORFINGER and SHARP, JJ., concur.
UPCHURCH, C.J., concurs specially with opinion.
COBB, J., dissents with opinion.
UPCHURCH, Chief Judge, concurring specially.
While I substantially agree with the majority opinion, I disagree with the necessity of receding from J.B.H. v. State, 498 So.2d 613 (Fla. 5th DCA 1986). In fact, I question whether this court can recede from the rule recited in that case, to wit: that the failure to contest the sufficiency of the evidence at any point in the proceeding below precludes review on appeal, which is a rule adopted and approved by the Florida Supreme Court. See Mancini v. State, 273 So.2d 371 (Fla. 1973).
In Mancini, the defendant moved for a directed verdict at the close of the state's *979 case, which was denied. Defendant failed to renew the motion at the close of his case. On appeal, the Fourth District affirmed the conviction, per curiam, citing State v. Wright, 224 So.2d 300 (Fla. 1969), which indicated that the affirmance was based on the fact that defendant had failed to file a motion for new trial as essential for a review of the evidence. Wright held that a motion for new trial based on insufficiency of the evidence was a prerequisite to any questioning of the sufficiency of the evidence on appeal, the only exception being capital cases. Mancini at 372. On the day that Mancini was tried, the Florida Supreme Court's opinion in State v. Wright was on the books. Defendant however, relied on Owens v. State, 227 So.2d 241 (Fla. 4th DCA 1969) wherein the Fourth District held that where a defendant in a criminal case moved for a directed verdict on the ground that proof of value of the property taken was not presented, failure to move after the verdict for a new trial did not preclude the defendant from raising the issue on appeal. Owens was reversed by the supreme court in State v. Owens, 233 So.2d 389 (Fla. 1970) and held (as did Wright) that a motion for new trial based on alleged insufficiency of the evidence must be filed as a prerequisite to any question of sufficiency of the evidence on appeal in criminal cases.
The supreme court in Mancini then receded from its prior opinions in Owens and Wright and held that where there is a motion for a directed verdict assigned as error, this is a sufficient predicate for appellate review of the evidence to support a guilty verdict. The supreme court specifically stated that it did not recede from the Owens rule insofar as "sufficiency of the evidence" refers to the total weight the evidence in a jury trial. The supreme court pointed out that the reason for that rule remains that the trial judge (before being reviewed) should have an opportunity upon motion to contemplate the sufficiency of the evidence to support the jury verdict.
J.B.H., however, failed to contest the sufficiency at any point in the proceeding below, and the court had no opportunity to consider the sufficiency of the evidence to support the jury verdict. Therefore, he cannot raise the matter on appeal. Wolkooski v. State, 510 So.2d 1149 (Fla. 1st DCA).
Even though the rule in J.B.H. is still extant and we should not recede from it, I do not think we are prevented from reaching a just result. In Mancini v. State, the court quoted Justice Glenn Terrell in Kelley v. Gottschalk, 143 Fla. 371, 196 So. 844 (1940):
The administration of justice is the most precious function a democracy is called on to perform and no rule of procedure was ever intended to defeat it. Courts must have rules to guide them in the performance of this function, but it has never been considered improper to toss right and common sense in the scales and weigh them with the evidence to reach a just result. Rules of procedure are as essential to administer justice as they are to conduct a baseball game, but they should never be permitted to become so technical, fossilized, and antiquated that they obscure the justice of the cause and lead to results that bring its administration into disrepute.
273 So.2d at 373.
As Judge Cowart emphasizes, at the time of Williams' trial, Royal had not been decided by the supreme court.
I believe we should simply say that the evidence was not in dispute and it is clear that defendant did not commit the crime of robbery under the supreme court's holding in Royal. The defense was faced with established precedent of this court and recognized that the trial court was duty bound to follow that precedent. A motion to raise an obviously futile point was not required. The record clearly reflects that defendant did not commit the crime of robbery under the law as corrected subsequent to the trial and the interests of justice require this appellate court to permit review of the question.
Therefore, while I agree with the result, I do not believe we can or should recede from J.B.H.
COBB, Judge, dissenting:
The appellant, Williams, contends that his robbery conviction should be reversed *980 based on Royal v. State, 490 So.2d 44 (Fla. 1986), because the force herein occurred after the taking of the property. This contention was not raised in Williams's motion for judgment of acquittal below, nor at any other time before the trial court; thus, this issue was not preserved for appellate review. Steinhorst v. State, 412 So.2d 332 (Fla. 1982); J.B.H. v. State, 498 So.2d 613 (Fla. 5th DCA 1986). As the Florida Supreme Court stated in Tillman v. State, 471 So.2d 32, 35 (Fla. 1985):
In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved.
See Fla.R.Crim.Pr. 3.380(b) (judgment of acquittal motion must fully set forth the ground upon which it is based). See also Santini v. State, 404 So.2d 843 (Fla. 5th DCA 1981); Sanderson v. State, 390 So.2d 744 (Fla. 5th DCA 1980).
In Royal the Florida Supreme Court stated that its prior decisions defining robbery had been consistent since Colbey v. State, 46 Fla. 112, 35 So. 189 (1903). It claimed further support for its determination was to be found in 1973 legislation defining retail theft. See Royal, 490 So.2d at 45, n. 2; Ch. 73-271, Laws of Florida. Assuming the validity of these assertions as to extant case and statutory law, it is difficult for me to see how defense counsel at trial of the instant case was prevented from raising the argument that no robbery occurred. Contrary to the contention of the majority, this court has never held that the taking of personal property without force constitutes robbery simply because force is later used to effectuate an escape. The point of departure between our opinion in Royal[1] and that of the Florida Supreme Court was that, in our view, a jury properly could have found that no taking of property occurred when a customer in a self-service store transported goods (as he was authorized to do) from their display location to the cashier. A taking only occurred when that person used physical force to get past the cashier, since the taking necessary to support a conviction for either robbery or larceny must be a wrongful taking, not one authorized by the owner. Only Justice Boyd's dissent in Royal seemed to perceive this latter distinction  and that intent is a jury issue. If, as a matter of law (not a factual jury issue), a customer who removes a display item from a shelf in a self-service store is then and there guilty of a wrongful taking, then no one should ever again patronize a self-service store in Florida. Unless, of course, he intends to rob it.[2]
For the foregoing reasons, I would affirm the trial court based on the established Florida Supreme Court precedents of Tillman and Steinhorst.
NOTES
[1] Royal v. State, 452 So.2d 1098 (Fla. 5th DCA 1984).
[2] Apparently in response to Royal, the 1987 Florida Legislature amended section 812.13, effective October 1, 1987, to provide:

(b) An act shall be deemed "in the course of the taking" if it occurs either prior to, contemporaneous with, or subsequent to the taking of the property and if it and the act of taking constitute a continuous series of acts or events.