CANADY, J.,
dissenting.
Because I conclude that the decision on review, DelMonico v. Traynor, 50 So.3d 4 (Fla. 4th DCA 2010), does not expressly and directly conflict with Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. United States Fire Insurance Co., 639 So.2d 606 (Fla.1994), I would dismiss this case for lack of jurisdiction under article V, section 3(b)(3), of the Florida Constitution. The majority compounds the error of deciding this case without a proper basis for the exercise of jurisdiction by reversing the district court based on an issue that the petitioners never presented in the district court. I therefore dissent.
In Levin, the Eleventh Circuit Court of Appeals asked this Court
[wjhether certifying to a trial court an intent to call opposing counsel as a witness at trial in order to obtain counsel’s disqualification, and later failing to subpoena and call counsel as a witness at trial, is an action that is absolutely immune from a claim of tortious interference with a business relationship by virtue of Florida’s litigation privilege.
639 So.2d at 607. This Court answered the certified question in the affirmative, expressly extending the litigation privilege to claims of tortious interference with a business relationship and concluding that the Levin firm could not sue an insurance company on the theory that the insurance company disingenuously listed opposing counsel as a witness at trial in order to obtain counsel’s disqualification. Id. In reaching its decision, this Court articulated the rule that “absolute immunity must be afforded to any act occurring during the course of a judicial proceeding, regardless of whether the act involves a defamatory statement or other tortious behavior such as the alleged misconduct at issue, so long as the act has some relation to the proceeding.” Id. at 608. The Eleventh Circuit did not ask if the conduct at issue in Levin occurred in the course of a judicial proceeding, and this Court did not comment on how to determine whether an act occurs “during the course of a judicial proceeding.”
Because the definition of the parameters of “during the course of a judicial proceeding” was not at issue in or addressed by Levin, the Fourth District’s decision could not have expressly and directly misapplied Levin when deciding that “[interviewing a witness in preparation for and connected to pending litigation” was conduct in the course of a judicial proceeding. DelMonico, 50 So.3d at 7. A decision cannot expressly and directly conflict with another decision on a particular issue unless both decisions contain a holding on that issue. The majority fails to acknowledge this elementary rule that limits our jurisdiction under the Florida Constitution.
The lack of conflict with Levin is underscored by the fact that the majority carves out a category of conduct — conduct the *1222 majority concedes is “an inherent and important part of [the judicial] process,” majority op. at 1218 — which is subject to a qualified privilege, although Levin makes no mention of such a qualified privilege. The majority thus creates an entirely new category under Florida law of conduct related to pending litigation — “ex-parte, out-of-court questioning of a potential, nonparty witness in the course of investigating a pending lawsuit,” majority op. at 1208— and holds that such conduct is never subject to the absolute privilege explicated in Levin. With all due respect, the majority’s assertion that “the Fourth District misapplied this Court’s long established precedent” cannot withstand analysis. Majority op. at 1208. There can be no express and direct conflict based on the Fourth District’s failure to extend and apply the reasoning of Fridovich v. Fridovich, 598 So.2d 65, 66 (Fla.1992), concerning the distinct subject of “statements made by a private individual to an investigating officer or a prosecutor preliminary to the filing of a criminal charge.”
Of course, the petitioners never argued in the district court that Fridovich should be extended and applied to the instant case. In the district court, the petitioners’ argument was that “[w]hile [attorney Traynor’s] extrajudicial statements were concededly made ‘during the course of a judicial proceeding,’ as courts have construed that phrase, [the] repeated false statement[s] ... bore no relation to the underlying proceeding and therefore [were] outside the scope of the litigation privilege.” Appellants’ Amended Initial Brief at 13, DelMonico v. Traynor, 50 So.3d 4 (Fla. 4th DCA 2010). The majority here rejects that argument and concludes that “Traynor’s statements, as alleged in the complaint, bore a relation to or were connected with” the underlying litigation. Majority op. at 1220. The majority then goes on to reverse the district court on the basis of a different issue that was never presented to the district court by the petitioners.
It is truly extraordinary — and totally in-' consistent with the basic structure of the appellate process — that this Court reverses the district court based on an issue that was never raised in the district court. It is axiomatic that “[i]n order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation.” Sunset Harbour Condo. Ass’n v. Robbins, 914 So.2d 925, 928 (Fla.2005) (quoting Tillman v. State, 471 So.2d 32, 35 (Fla.1985)). The majority simply ignores the fact that the petitioners never argued to the district court that attorney Traynor’s comments were subject to only a qualified, privilege and thus actionable if uttered with express malice. The issue of a qualified privilege arose for the first time in these proceedings when it sprang forth from Judge Warner’s dissenting opinion. But the presentation of an issue in a dissenting opinion does not preserve the issue for our review.
Here, the majority exercises a jurisdiction it does not possess to decide a case on the basis of an issue that the petitioners never presented to the district court. The decision thus does double damage to the structure of the appellate process. I dissent.
POLSTON, C.J., concurs.