PER CURIAM.
We affirm, without further discussion, the postconviction court's order summarily denying Appellant's Florida Rule of Criminal Procedure 3.800(a) motion to correct illegal sentence. Appellant also raised several issues in his Initial Brief that were not presented below and thus were not preserved for review. See Tillman v. State , 471 So.2d 32, 35 (Fla. 1985) ("In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument *1181 or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved.").
Appellant is not precluded from filing a successive rule 3.800(a) motion to correct illegal sentence to raise issues discussed in his Initial Brief that were not argued in his present motion. See State v. McBride , 848 So.2d 287, 290-91 (Fla. 2003) (holding that the phrase "at any time" in rule 3.800(a) allows defendants to file successive motions but that principles of collateral estoppel bar a defendant from raising in a successive motion to correct illegal sentence the same issue raised by the defendant in an earlier motion). We take no present position as to the merits, if any, of these potential claims.
AFFIRMED.
ORFINGER, EVANDER, and LAMBERT, JJ., concur.