# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2023-1024
LT Case No. 2020-CF-002859-A

_____

MARC BOOKER,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Seminole County.
Melissa Souto, Judge.

Matthew J. Metz, Public Defender, and Joseph Chloupek,
Assistant Public Defender, Daytona Beach, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Alyssa M.
Williams, Assistant Attorney General, Daytona Beach, for
Appellee.

August 30, 2024

EDWARDS, C.J.

Appellant, Marc Booker, appeals the trial court's order
entered on June 26, 2023, revoking his probation and sentencing
him to 15.3 months in state prison as it found Appellant to be a
violent offender of special concern pursuant to section 948.06(8)(e),
Florida Statutes. Below, Appellant filed a Florida Rule of Criminal

Procedure 3.800(b)(2) motion to correct an allegedly illegal sentence. In that motion, Appellant noted that the trial court orally pronounced its reasons for finding him to be a violent offender of special concern, such that he should be imprisoned. The only argument raised in the 3.800 motion or in any other fashion below was that the trial court had failed to enter a written order stating its reasons for the designation. The lack of a written order was rectified when the trial court, after several hearings, did issue its written order of designation complete with a list of several facts related to the statutory-based reasons for reaching its conclusion. Thus, the only argument made below by Appellant was nullified and has correctly been abandoned on appeal.

Appellant presents this Court with a new argument on appeal, one not raised or ruled on below. The new argument is that the trial court's oral pronouncement and written sentencing order contain insufficient factual findings supporting Appellant's designation as a violent felony offender of special concern. In order for an issue to be preserved for appellate review, it "must be presented to the lower court and the specific legal argument or ground to be argued on appeal must be part of that presentation." *Tillman v. State*, 471 So. 2d 32, 35 (Fla. 1985). We find the argument first raised on appeal was not preserved for appellate review and accordingly, we affirm.[1]

AFFIRMED.

SOUD and BOATWRIGHT, JJ., concur.

---

[1] Were we inclined to find the issue preserved, we might note that Appellant pled no contest to aggravated assault, a reduction from the original burglary with a battery charge. His violation of probation was based, in part, on him being charged with fleeing and eluding police and reckless driving in both Orange and Osceola counties. During this fleeing escapade and while driving at high speed, he nearly struck another vehicle. However, no further discussion is needed as the issue was not preserved.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____