DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TERRANCE LAVERN WALKER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2022-3397

[September 18, 2024]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John J. Murphy, III, Judge; L.T. Case No. 18-1237 CF10A.

Antony P. Ryan, Regional Counsel, and Richard G. Bartmon, Assistant Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Luke R. Napodano, Senior Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Terrance Walker appeals his convictions of second-degree murder and grand theft auto, raising several issues on appeal. We find no merit in Walker's argument that he unequivocally invoked his right to silence during a post-arrest, post-*Miranda* interrogation. Walker's remaining arguments relate to his motion to suppress his inculpatory statements as fruit of the poisonous tree. His arguments hinge on the trial court's ruling that it could not compel certain testimony from the arresting deputy. On that matter, Walker's arguments on appeal differ from those raised in the trial court. Consequently, we affirm.

*Affirmed.*

CIKLIN and LEVINE, JJ., concur.
WARNER, J., concurs specially with opinion.

WARNER, J., concurring specially.

I concur with the majority but write to address the motion to suppress. Appellant moved to suppress his statements as fruit of the poisonous tree, because officers illegally seized him by the use of real-time cell phone location tracking data (CSLI) to arrest him. Using such tracking data without a warrant is a search in violation of the Fourth Amendment. *Tracey v. State,* 152 So. 3d 504, 526 (Fla. 2014); *see also Carpenter v. U.S.,* 585 U.S. 296, 316 (2018).[1]

At the hearing on the motion to suppress, the arresting officer declined to testify regarding whether he used CSLI to locate appellant and whether he obtained a warrant to use that technology. While he was a Broward County deputy, he was also a member of the U.S. Marshals Service Fugitive Task Force. An assistant U.S. attorney appeared at the hearing to inform the court of the arresting officer's inability to testify, because the officer's involvement in locating the defendant "was based on his cross-designation as a task force officer with the Marshals Fugitive Task Force. All of his information that he worked on in terms of investigation was based on his federal capacity in that task force." As such, "he is subject to the U.S. Marshals federal regulations in terms of what he's authorized to testify about." His superiors had declined to allow him to testify as to the matter of appellant's apprehension. The trial court declined to compel the officer to answer questions about how he had located appellant. Appellant did not examine the arresting officer as to how, as a Broward County Sheriff's officer seeking to arrest appellant on a state crime, he had been acting in his capacity as a member of the U.S. Marshal's fugitive task force. Ultimately, the court denied the motion to suppress in part, because no evidence was presented that the seizure of appellant was based upon an illegal search using CSLI.

On appeal, appellant argues that the court erred in preventing appellant from questioning the officer about whether he had used CSLI to locate appellant. I disagree. 28 C.F.R. § 16.22(a) provides that in any case where the United States is not a party, "no employee or former employee of Department of Justice[2] shall, in response to a demand . . . disclose any

---

[1] The court also found that the statements which appellant had sought to suppress were attenuated from illegal conduct, if any. I would hold that the evidence produced did not meet the factors for that determination: "(1) the time elapsed between the illegality and the acquisition of the evidence; (2) the presence of intervening circumstances; and (3) the purpose and flagrancy of the official misconduct." *State v. Frierson*, 926 So. 2d 1139, 1143 (Fla. 2006).

[2] The definition of employee includes state or local law enforcement officers assigned to a task force. Justice.gov Justice Manual Title 1: Organization and

information or produce any material acquired as part of the performance of that person's official duties or because of that person's official status without prior approval of the proper Department official[.]" In addition, 28 C.F.R. § 16.28 provides that "if the court . . . rules that the demand must be complied with irrespective of instructions rendered in accordance with §§ 16.24 and 16.25 of this part not to produce the material or disclose the information sought, the employee or former employee upon whom the demand has been made shall, if so directed by the responsible Department official, respectfully decline to comply with the demand." If the witness declines to answer, the trial court cannot compel the witness to answer under penalty of contempt. *U.S. ex rel. Touhy v. Ragen*, 340 U.S. 462, 469 (1951). Thus, the court did not err in refusing to compel the officer to testify.

Nevertheless, the Justice Department's refusal to allow this witness to testify to whether he used CSLI to locate appellant and whether he secured a warrant does not seem to comport with its own regulations. "It is Department policy that the responsible official shall, following any necessary consultation with the originating component, authorize testimony by a present or former employee of the Department or the production of material from Department files without further authorization from Department officials whenever possible . . . ." 28 C.F.R. § 16.24(c). I do not understand how revealing that CSLI had been used to locate appellant would reveal investigative techniques whose effectiveness would be impaired by disclosure.[3] I find it hard to believe the public is unaware that police use cell tracking data to locate persons. What one gleans from this record is an effort to hide the fact that the deputy acted without a warrant, thus making the search for appellant illegal.

Although the officer may not be held in contempt for following the directions of his superiors, that does not preclude the superior from being held in civil contempt. *See Touhy*, 340 U.S. at 472 (Frankfurter, J., concurring) ("[T]he Attorney General [cannot] forbid every subordinate who is capable of being served by process from producing relevant documents and later contest a requirement upon him to produce on the ground that procedurally he cannot be reached . . . . [T]he Attorney General can be reached by legal process."); *see also United States v. Salemme*, 978 F. Supp. 364, 371 (D. Mass. 1997) (holding that the DOJ regulations do not immunize the ultimate decisionmaker, the Acting Deputy Attorney

Functions 1-6.111- Definition of Employee. https://www.justice.gov/jm/jm-1-6000-doj-personnel-witnesses#1-6.111 (last viewed 8-28-2024)

[3] Appellant's request did not require the disclosure of codes or techniques used to locate with CSLI, just that the technology had been used.

3

General, from being held in civil contempt if the court decides that it is appropriate to compel disclosure of the information at issue). However, the record does not demonstrate that appellant attempted to bring before the court any official responsible for the withholding of this information.

It is very concerning that appellant was potentially deprived of a constitutional right. Appellant may be able to pursue this claim in postconviction proceedings and obtain the information by way of a Freedom of Information Act request to determine whether CSLI was used. *See, e.g., Woodward v. U.S. Marshal Serv.*, 534 F. Supp. 3d 121 (D.D.C. 2021). But because these arguments differ from those made in the trial court, I concur. *See Tillman v. State*, 471 So. 2d 32, 35 (Fla. 1985).

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***