962 So.2d 385 (2007)
David M. DEREN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-2039.
District Court of Appeal of Florida, Fourth District.
August 8, 2007.
*386 Paul Morris of Law Offices of Paul Morris, P.A., Miami, and Robert J. Watson of Watson & Steele, Stuart, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Laura Fisher Zibura, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
Appellant, David M. Deren, appeals his conviction of one count of battery, a lesser included offense, one count of disorderly conduct, and one count of felony battery. Deren received a sentence of nine months with credit for fifty-three days served. We affirm on all points raised on appeal, but write to address Deren's argument that the State's failure to disclose an insurance letter resulted in a discovery violation and requires reversal.
This case began with a bar fight at the Stuart Ale House. Deren intervened in an altercation involving Jerry Fitzpatrick and Deren's friend, Nathan Stewart. The altercation happened after Fitzpatrick, the Ale House's bouncer, asked Deren and Stewart to leave. During the course of the fight, Deren and Fitzpatrick exchanged blows. After the incident, Fitzpatrick complained of having received injuries in the fight and could not work.
The Hartford Company, the Ale House's insurance provider, sent a letter to the State detailing that Fitzpatrick had received money for a worker's compensation claim. Hartford paid Fitzpatrick $20,956.47 to cover medical bills and $2,946.84 to cover lost wages. The State had possession of this letter two months prior to the trial's conclusion, but did not provide the information to Deren's counsel until the trial's sentencing phase.
On appeal, Deren argues the prosecution's suppression of the insurance letter constitutes a denial of material evidence and resulted in a Brady[1] evidentiary violation. Deren alleges that the letter conveys Fitzpatrick's financial motive to testify that Stewart was the aggressor in the *387 initial fight, since, as a matter of law, Fitzpatrick would not be entitled to any money if he was the aggressor. See § 440.09(3), Fla. Stat. (2007). Deren claims his ignorance of the letter's existence crippled his ability to demonstrate Fitzpatrick's bias at trial.
To prove a Brady violation, a defendant must show that: (1) the State possessed evidence favorable to the defendant (including impeachment evidence); (2) the defendant neither possesses the evidence nor could he obtain it himself with any reasonable diligence; (3) the prosecution suppressed the favorable evidence; and (4) a reasonable probability exists that the outcome of the proceedings would have been different had the evidence been disclosed to Appellant. Melendez v. State, 612 So.2d 1366, 1368 (Fla. 1992).
At issue here is the second Brady prong: whether Deren, with reasonable diligence, could have found the worker's compensation information included in the Hartford insurance letter. "There is no Brady violation where the information is equally accessible to the defense and the prosecution, or where the defense either had the information or could have obtained it through the exercise of reasonable diligence." Freeman v. State, 761 So.2d 1055, 1062 (Fla.2000) (quoting Provenzano v. State, 616 So.2d 428, 430 (Fla.1993)); see also Roberts v. State, 568 So.2d 1255, 1260 (Fla.1990); James v. State, 453 So.2d 786, 790 (Fla.1984); U.S. v. Prior, 546 F.2d 1254, 1259 (5th Cir.1977) ("Numerous cases have ruled that the government is not obliged under Brady to furnish a defendant with information which he already has or, with any reasonable diligence, he can obtain himself.").
We find that while the State erred in failing to provide the letter to defense counsel, this failure did not result in a Brady violation requiring reversal. First, although Deren did not know the total of Fitzpatrick's insurance payments, defense counsel admitted at trial that he was aware there was a worker's compensation claim. While defense counsel cross-examined Fitzpatrick about the claim, he did not question Fitzpatrick about the amount of money he received or the value of his benefits.
Second, Deren possessed all of Fitzpatrick's medical records. These records, though they do not contain billing information, give an accurate portrayal of what treatments Fitzpatrick received. Deren's counsel admitted he did not depose any doctors on the amount of the treatments' costs or pursue the matter any further. We find Deren should reasonably have known that, as Fitzpatrick received his injuries while at work, he mostly likely received worker's compensation.
"[The] state need not actively assist the defense in investigating a case." Hegwood v. State, 575 So.2d 170, 172 (Fla. 1991) (quoting Hansbrough v. State, 509 So.2d 1081, 1084 (Fla.1987)). In this case, Deren had access to records detailing the type of medical care Fitzpatrick received and should have known about Fitzpatrick's worker's compensation payments. Further, Deren, through the exercise of "reasonable diligence," could have obtained the information found in the insurance letter. Freeman, 761 So.2d at 1062. Therefore, we find that, although the State should have provided this letter in discovery, its suppression does not meet the second Brady prong and no violation occurred. Based on the foregoing, we affirm.
Affirmed.
STONE and gross, JJ., concur.
NOTES
[1] Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).