985 So.2d 1087 (2008)
David M. DEREN, Petitioner,
v.
STATE of Florida, Respondent.
No. SC07-1700.
Supreme Court of Florida.
July 3, 2008.
Paul Morris of Paul Morris, P.A., Miami, FL, and Robert J. Watson of Watson and Steele, Stuart, FL, for Petitioner.
*1088 Bill McCollum, Attorney General, Tallahassee, FL, and Celia Terenzio, Assistant Attorney General, Bureau Chief, and Laura Fisher Zibura, Assistant Attorney General, West Palm Beach, FL, for Respondent.
PER CURIAM.
David M. Deren seeks review of the decision of the Fourth District Court of Appeal in Deren v. State, 962 So.2d 385 (Fla. 4th DCA 2007), on the ground that it expressly and directly conflicts with the decisions of this Court in Floyd v. State, 902 So.2d 775 (Fla.2005), Rogers v. State, 782 So.2d 373 (Fla.2001), and Young v. State, 739 So.2d 553 (Fla.1999), on a question of law. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. For the reasons articulated below, we quash the decision of the Fourth District Court of Appeal and remand for reconsideration in light of our opinions in Floyd, 902 So.2d at 779, and Rogers, 782 So.2d at 378, where we articulated the appropriate test to apply in claims made under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). See also Occhicone v. State, 768 So.2d 1037, 1041 (Fla.2000); Way v. State, 760 So.2d 903, 910 (Fla.2000).

DISCUSSION
In analyzing the Brady issue, the Fourth District stated:
To prove a Brady violation, a defendant must show that: (1) the State possessed evidence favorable to the defendant (including impeachment evidence); (2) the defendant neither possesses the evidence nor could he obtain it himself with any reasonable diligence; (3) the prosecution suppressed the favorable evidence; and (4) a reasonable probability exists that the outcome of the proceedings would have been different had the evidence been disclosed to Appellant.
Deren, 962 So.2d at 387 (citing Melendez v. State, 612 So.2d 1366, 1368 (Fla.1992)). We have since abandoned the four-prong test enunciated in Melendez, and followed the three-prong test outlined by the United States Supreme Court in Strickler v. Greene, 527 U.S. 263, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999), where it enunciated the three significant elements of a Brady claim. Strickler, 527 U.S. at 281-82, 119 S.Ct. 1936 (to establish a Brady violation, the defendant has the burden to show (1) that favorable evidence, (2) was willfully or inadvertently suppressed by the State, and (3) because the evidence was material, the defendant was prejudiced). We have applied the Strickler test numerous times. See Floyd, 902 So.2d at 779; Rogers, 782 So.2d at 378; Occhicone, 768 So.2d at 1041; Way, 760 So.2d at 910. Hence, the Fourth District erred in its statement of the elements of a Brady claim.
Accordingly, we quash and remand this cause to the Fourth District for reconsideration of the Brady issue under the standard set out above.
It is so ordered.
QUINCE, C.J., and WELLS, ANSTEAD, PARIENTE, LEWIS, CANTERO, and BELL, JJ., concur.