On Remand from the Supreme Court of Florida
 

 PER CURIAM.
 

 In
 
 Deren v. State,
 
 962 So.2d 385 (Fla. 4th DCA 2007), we rejected appellant’s claim of a
 
 Brady v. Maryland,
 
 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), violation because appellant could have obtained the withheld evidence himself with reasonable diligence. For this holding, we relied upon
 
 Melendez v. State,
 
 612 So.2d 1366, 1368 (Fla.1992).
 
 See Deren,
 
 962 So.2d at 387.
 

 The Florida Supreme Court reversed our decision, pointing out that the
 
 Brady
 
 test enunciated in
 
 Melendez
 
 had been abandoned in “numerous” cases.
 
 Deren v. State,
 
 985 So.2d 1087, 1088 (Fla.2008). The case was remanded to us to apply the correct
 
 Brady
 
 test outlined by the United
 
 *724
 
 States Supreme Court in
 
 Strickler v. Greene,
 
 527 U.S. 263, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999).
 

 Under the
 
 Strickler
 
 test, to establish a
 
 Brady
 
 violation the defendant has the burden to show “(1) that favorable evidence, (2) was willfully or inadvertently suppressed by the State, and (3) because the evidence was material, the defendant was prejudiced.”
 
 Deren,
 
 985 So.2d at 1088.
 

 Appellant was convicted of two battery offenses and one count of disorderly conduct. The convictions arose from a fight at a bar. Appellant intei-vened in an altercation between his good friend and the bar’s bouncer, Jerry Fitzpatrick. As a result of injuries sustained in the fight, Fitzpatrick submitted a worker’s compensation claim.
 

 The state withheld a letter from the bar’s compensation insurance provider detailing that Fitzpatrick had received $20,956.47 for medical bills and $2,946.84 for lost wages. Section 440.09(3), Florida Statutes (2007), provides that “[c]ompensation is not payable if the injux-y was occasioned primarily ... by the willful intention of the employee to injure or kill ... another.” The defense wanted to use the letter to demonstrate Fitzpatrick’s financial motive to paint appellant and his friend as the instigators of the initial fight. This type of financial interest is a proper subject of cross examination. Had such information been disclosed ;by the state “a reasonable probability exists that the outcome of the proceedings would have been different.”
 
 Young v. State,
 
 739 So.2d 553, 558 (Fla.1999) (quoting
 
 Robinson v. State,
 
 707 So.2d 688, 693 (Fla.1998)). “A ‘reasonable probability’ of a different result is ... shown when the government’s evidentiary suppression ‘undermines confidence in the outcome of the trial.’ ”
 
 Young,
 
 739 So.2d at 557 (quoting
 
 Kyles v. Whitley,
 
 514 U.S. 419, 434-36, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995)) (quoting
 
 United States v. Bagley,
 
 473 U.S. 667, 678, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985)). For these reasons, we reverse appellant’s convictions and remand for a new trial.
 

 GROSS, C.J., POLEN and CIKLIN, JJ., concur.