# Third District Court of Appeal

## State of Florida

Opinion filed February 10, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-591
Lower Tribunal No. 12-17439
_____

**Leon Harrigan,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jorge Rodriguez-Chomat, Judge.

Carlos J. Martinez, Public Defender, and Jeffrey Paul DeSousa, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Jacob Addicott, Assistant Attorney General, for appellee.

Before WELLS, ROTHENBERG, and EMAS, JJ.

ROTHENBERG, J.

The defendant appeals his convictions for fleeing or attempting to elude a law enforcement officer at high speed with sirens and lights, reckless driving, leaving the scene of an accident involving property damage, knowingly driving with a suspended license, resisting an officer without violence, aggravated assault on a law enforcement officer, grand theft of a motor vehicle, and felony criminal mischief with property damage of $1000 or greater. Because we find no reversible error, we affirm.

The defendant was charged with the above offenses following the attempted traffic stop of the pickup truck he was driving on July 13, 2012, in Miami-Dade County. Although the pickup truck was stolen three weeks earlier in Monroe County from Vic's Auto Shop, the defendant was not charged with grand theft based on the initial theft of the vehicle in Monroe County. Rather, the State charged the defendant with grand theft based on the defendant's possession of the pickup truck in Miami-Dade County on July 13, 2012, which the defendant knew or reasonably should have known was stolen.

Prior to trial, the defendant filed a motion to compel disclosure of favorable evidence pursuant to Florida Rule of Criminal Procedure 3.220(b), specifically referencing a surveillance video from Vic's Auto Shop. See Brady v. Maryland, 373 U.S. 83 (1963). The subsequent hearings conducted in reference to the surveillance video revealed that because the State was not prosecuting the

2

defendant for the theft of the truck in Monroe County and no law enforcement officer from Monroe County or anyone from Vic's Auto Shop was involved in the prosecution or listed as a witness, the State had no knowledge of the existence of the surveillance video. The defendant asserted that: (1) the surveillance video is in the possession of the Monroe County Sheriff's Office; (2) the theft report prepared by an officer with the Monroe County Sheriff's Office states that the officer viewed the surveillance video and the video shows two unknown men commit the theft; and (3) the video might show the individuals who actually took the truck from Vic's Auto Shop. The trial court ruled that if the surveillance video was in the possession of the State or the Miami-Dade Police Department, the State must produce it. The trial court also told the defendant that if he wished to obtain a copy of the surveillance video from Monroe County, the defendant should submit a written request for a private investigator and the court would appoint an investigator. The defendant did not submit the requisite paperwork for the appointment of an investigator, and the State did not provide the video.

At trial, the State presented evidence that after stopping the defendant for a traffic violation, and as Officer Baldwin began to approach the truck, the defendant looked directly at Officer Baldwin and then "hit the gas" and drove the truck directly at Officer Baldwin. In response, a second officer, Officer Rodriguez, fired shots and struck the defendant. Although the defendant missed Officer Baldwin,

3

the defendant struck Officer Baldwin's police vehicle. A high-speed chase ensued, and during the chase, the defendant crashed the truck. He then fled on foot and was eventually apprehended.

The State claimed that the defendant fled from the police to avoid arrest for being in possession of a vehicle that he knew or reasonably should have known was stolen based on its condition: no key was found in the ignition, although a key is needed to start the pickup truck; the radio and video display monitors had been removed from the pickup truck; and the wires from this equipment were hanging. At no point did the State argue or even suggest that the defendant was one of the two individuals who initially stole the pickup truck from Vic's Auto Shop.

Although the defendant did not testify, his defense at trial was that he did not know and should not reasonably have known that the pickup truck was stolen, and therefore, he did not flee from law enforcement because the pickup truck was stolen. Rather, he claimed, that he fled out of necessity because Officer Rodriguez fired at him unprovoked.

At trial, the State was also permitted to introduce into evidence a December 2007 crime involving the defendant pursuant to section 90.404(2)(a) of the Florida Statutes and Williams v. State, 110 So. 2d 654 (Fla. 1959), to establish the defendant's intent and lack of mistake when the defendant aimed the stolen pickup truck at Officer Baldwin. The State argued that the 2007 crime would show that

4

the defendant attempted to strike Officer Baldwin to avoid arrest for being in possession of a stolen vehicle, not in response to any alleged improper police conduct. Prior to the introduction of the 2007 crime, the defendant argued that the 2007 crime should not be admitted if the State fails to establish a similarity between the 2007 crime and the charged offense of aggravated assault on a law enforcement officer. In response, the State presented evidence that in December 2007, law enforcement officers attempted to pull over the defendant who was operating a stolen vehicle. Rather than immediately stopping for the marked police vehicle, the defendant continued to drive. The defendant eventually stopped, but as one of the officers approached the stolen vehicle, the defendant placed the stolen vehicle in reverse and hit the police vehicle which was still occupied by a second police officer. The defendant then led the police officers on a high-speed chase, which ended when the defendant crashed the stolen vehicle, and thereafter, the defendant fled on foot, but was later apprehended. Finding that the State established a similarity between the 2007 crime and the charged offense, the trial court granted the State's motion to introduce the 2007 crime as "Williams rule" evidence.

Following the State's presentation of the evidence, the defendant, who had up to this point been representing himself with standby counsel in attendance, agreed to allow standby counsel to take over his representation. Thereafter,

5

defense counsel moved for a mistrial based on the introduction of the 2007 crime, arguing that the 2007 crime and the charged offense of aggravated assault on a law enforcement officer were not sufficiently similar and that the 2007 crime was too distant in time to be relevant. The trial court denied the motion for a mistrial.

The jury found the defendant guilty of the above charges, and he was later sentenced. The defendant's appeal followed.

The defendant contends that the State's nondisclosure of the surveillance video from Vic's Auto Shop amounted to a Brady violation warranting a new trial as to all counts. We disagree.

In Brady, the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87. Since Brady, the United States Supreme Court has held that the duty to disclose favorable evidence applies even in situations where the defendant does not request the favorable evidence, see United States v. Agurs, 427 U.S. 97, 107 (1976); that both exculpatory and impeachment evidence falls within the Brady rule, see United States v. Bagley, 473 U.S. 667, 676 (1985); and that "the individual prosecutor has a duty to learn of favorable evidence known to the others acting on the government's behalf . . . , including the police," Kyles v. Whitley, 514 U.S. 419,

6

437 (1995). See, e.g., Strickler v. Greene, 527 U.S. 263, 280-81 (2009) (setting forth the Brady analysis following the United States Supreme Court's decisions in Agurs, Bagley, and Kyles).

"[T]o establish a Brady violation, the defendant has the burden to show (1) that favorable evidence, (2) was willfully or inadvertently suppressed by the State, and (3) because the evidence was material, the defendant was prejudiced." Deren v. State, 985 So. 2d 1087, 1088 (Fla. 2008) (citing Strickler). "To meet the materiality prong, the defendant must demonstrate a reasonable probability that the jury verdict would have been different had the suppressed information been used at trial." Parker v. State, 89 So. 3d 844, 866 (Fla. 2011) (internal quotation omitted).

Without deciding whether the trial court erred by not requiring the State to produce the surveillance video after its existence was disclosed by the defendant, we conclude that even if the trial court erred, a new trial is not required because the defendant failed to satisfy his burden under Brady. Based on the above cases, to prevail on his Brady violation argument, the defendant was required to establish that the surveillance video was "favorable" evidence. The defendant contends that the surveillance video is "favorable" evidence because it would show that he was not one of the two unknown men who stole the pickup truck from Vic's Auto Shop in Monroe County three weeks prior to the attempted traffic stop in Miami-Dade County. The defendant was not, however, charged with stealing the pickup truck

in Monroe County. He was charged with being in possession of a stolen truck in Miami-Dade County three weeks later which he knew or reasonably should have known was stolen. The State did not argue or even suggest that the defendant stole the vehicle from Vic's Auto Shop three weeks prior to the charged offenses. In support of the State's allegations that the defendant knew or reasonably should have known that the truck was stolen, the State introduced evidence that no key was found in the pickup truck, although a key is required to start the pickup truck; the audio system and video monitors and other equipment had been removed from the pickup truck; and there were wires hanging from where the audio and video equipment were removed. The defendant's flight, the high-speed chase, and the defendant's attempt to evade the police in a foot chase after the truck crashed were further evidence of the defendant's consciousness of guilt. Thus, based on how the grand theft vehicle was charged and argued in this case, the surveillance video was, at best, minimally relevant evidence.

Because the surveillance video was only minimally relevant, the defendant also cannot demonstrate it was material because there is no "reasonable probability that the jury verdict would have been different" even if the surveillance video was introduced at trial. Parker, 89 So. 3d at 866. While the surveillance video may have shown that someone other than the defendant stole the pickup truck from Vic's Auto Shop (which at this point is pure speculation), it has no bearing on

8

whether the defendant knew or reasonably should have known he was in possession of a stolen pickup truck when Officer Baldwin attempted to stop him. Additionally, the defendant was aware of the existence of the video, the video was equally accessible to the defendant and the State, and although the trial court offered to appoint a private investigator to assist the defendant in obtaining the video, the defendant did not follow up on the trial court's offer. We, therefore, find that the defendant failed to establish a Brady violation.

Next, the defendant contends that the trial court abused its discretion by allowing the State to introduce the 2007 crime evidence pursuant to Williams and section 90.404(2)(a), specifically arguing that the 2007 crime was not "relevant to prove a material fact in issue." § 90.404(2)(a), Fla. Stat. (2014). Because this specific argument was not raised below, the issue was not preserved for appellate review.

As stated earlier, the only objections to the introduction of the Williams rule evidence were that the 2007 crime and the charged offense were not sufficiently similar and that the 2007 crime was too remote in time. The argument that the defendant now raises on appeal—that the 2007 crime was not relevant to prove a material fact in issue—was not raised below, and therefore, this specific argument was not preserved for appellate review. See Tillman v. State, 471 So. 2d 32, 35 (Fla. 1985) ("In order to be preserved for further review by a higher court, an issue

9

must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved.").  Nonetheless, even if properly raised below, we find that the argument would lack merit as the 2007 crime was "relevant to prove a material fact in issue"—the defendant's intent or lack of mistake when aiming the stolen vehicle at Officer Baldwin.

The remaining issue raised by the defendant does not merit discussion. Accordingly, we affirm the defendant's convictions and sentences as to all counts.

Affirmed.