# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2023-0571
_____

ROGER MARION LOFTON,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Linda L. Nobles, Judge.

May 8, 2024

PER CURIAM.

Appellant Rodger Lofton appeals the denial of his motion for postconviction relief. We affirm.

Appellant was convicted of attempted second degree murder, and he was sentenced to a term of imprisonment of 30 years. That conviction and sentence were summarily affirmed by this Court. *See Lofton v. State*, 237 So. 3d 263 (Fla. 1st DCA 2016). This conviction followed the shooting of Anthony Booth, an acquaintance. Appellant has maintained that he was acting in self-defense as Booth tried to rob Appellant, but the prosecution argued Appellant shot Booth because of a dispute over real property.

Following the direct appeal, Appellant moved for postconviction relief raising five claims of ineffective assistance of trial counsel, a claim of newly discovered evidence, and a claim that the verdict was inconsistent. After receiving a response from the State, the trial court ordered an evidentiary hearing on two grounds (two and seven) of the motion. Appellant was appointed counsel for the hearing.

In ground two, Appellant claimed his trial counsel was ineffective for failing to investigate and depose a witness – Bryan Taylor (sometimes spelled Brian Taylor in the record). According to Appellant, Taylor knew Booth intended to rob Appellant and, in fact, supplied Booth with a gun. Had defense counsel investigated Taylor, Appellant's claim of self-defense would have been bolstered, he argued. In ground seven, Appellant alleged that Taylor sent defense counsel correspondence after the trial. Such correspondence constitutes newly discovered evidence, Appellant claims.

At the evidentiary hearing, Appellant's trial counsel testified, and through cross-examination, it was established that defense counsel was informed of the identity of Taylor before trial, but counsel failed to investigate further. Defense counsel acknowledged receiving a letter from Taylor after the trial, which he forwarded to appellate counsel.

Taylor was also called to testify at the evidentiary hearing, but before his testimony started, the trial court warned Taylor that he would be admitting to a felony if he, a convicted felon, testified that he possessed a firearm on the day of the shooting. In response, Taylor stated he no longer wished to testify. But Appellant called him anyway. When asked whether he had sent a letter to defense counsel and whether he had been with Appellant or Booth on the day of the shooting, he "plead[ed] the Fifth."

On cross by the State, Taylor testified he has known Appellant since childhood "through the neighborhood." Likewise, he knew Booth. Taylor heard Booth had been shot, but he was addicted to heroin back then, so everything was a "haze." He did not attempt to contact Appellant thereafter, Taylor testified.

2

Appellant also testified. He explained that he did tell defense counsel that Taylor was a potential witness for the defense. He added that he previously sold drugs, and Appellant believed Booth shot him because Appellant was no longer selling drugs to him.

The trial court then entered a written order addressing all of Appellant's claims. Pertinent to the instant appeal, the trial court found with respect to defense counsel's failure to investigate and depose Bryan Taylor that counsel was indeed deficient given the information provided to him. However, the trial court found that defense counsel's deficient performance did not prejudice the defense. The trial court observed that Taylor did not testify at the evidentiary hearing that he had prior knowledge of any intent on the part of Booth to rob Appellant. Nor did Taylor testify, the trial court noted, that he ever supplied Booth with a gun.

The trial court also denied relief as to ground one of the motion, a denial which Appellant now challenges. In that claim, Appellant had argued that defense counsel was ineffective for failing to impeach Booth's trial testimony. Appellant claimed that Booth testified in deposition and at trial that several times he went to the back room of the residence where Appellant was to help move items, including an air conditioning unit. Had defense counsel offered photographs of the back room, then the jury would have seen that there was very little to move out of the back room and would have discredited Booth's version of events, Appellant had claimed.

But in denying relief on this ground, the trial court found that Appellant was misrepresenting Booth's testimony. Booth testified that he was called to the back room several times by Appellant, rather than walking to the back room several times. Moreover, defense counsel did ask about the air conditioner during Appellant's trial testimony and that of another witness. Further, photographs of the residence, including the back room, were admitted at trial, which the jury could have examined when evaluating the credibility of the witnesses.

On appeal, Appellant argues that defense counsel should have used "blood trail" evidence obtained from the site of the shooting in the residence to impeach Booth's trial testimony. This "blood

trail" argument was not raised below. Interestingly, in ground four of his motion, Appellant referred to the fact that "only one drop" of blood was found in the residence. This is hardly argument that a "blood trail" would have contradicted Booth's version of events, and anyway, in ground four, Appellant argued defense counsel was ineffective for failing to use the "one drop" and gunshot residue as evidence that Booth was a shooter as well as Appellant. Such an argument is very different from what has been raised on appeal. As it was not raised below, the "blood trail" argument is not preserved for appellate consideration. *See Tillman v. State*, 471 So. 2d 32, 35 (Fla. 1985) ("In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved.").

As for the failure of defense counsel to investigate and depose Bryan Taylor, we affirm the trial court's conclusion that Appellant did not establish prejudice, as was his burden to do. While Taylor did appear at the evidentiary hearing, he offered no testimony which would establish that the outcome of the trial would have been different had he testified. While Appellant claimed in his postconviction motion that Taylor knew Booth planned to rob Appellant and that Taylor gave Booth a gun, there was no evidence of such offered in the postconviction proceeding. To prevail on a claim of ineffective assistance of counsel, a movant must show both that trial counsel's performance was deficient, and that the deficient performance prejudiced the defendant so as to deprive him of a fair trial. *See Strickland v. Washington*, 466 U.S. 668 (1984); *Everett v. State*, 54 So. 3d 464, 471-72 (Fla. 2010). A movant "must establish prejudice by 'show[ing] that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Green v. State*, 975 So. 2d 1090, 1103 (Fla. 2008) (quoting *Strickland*, 466 U.S. at 694). A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Id.* Given the lack evidence that Taylor's trial testimony would have contradicted the prosecution's theory of the case, had he been called, Appellant failed to establish he was prejudiced.

4

Appellant requests that the remaining grounds in his motion be reviewed, though he does not make any argument as to those grounds on appeal. Given the lack of specific argument on these remaining grounds, we affirm. *See Givens v. State*, 314 So. 3d 765 (Fla. 1st DCA 2021) (explaining an issue is abandoned when no argument is made in the initial brief).

Accordingly, the denial of postconviction relief is AFFIRMED.

B.L. THOMAS, BILBREY, and TANENBAUM, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Roger Marion Lofton, pro se, Appellant.

Ashley Moody, Attorney General, and Zachary F. Lawton, Assistant Attorney General, Tallahassee, for Appellee.